**ORDNANCE CONTAINER CORPORA-TION, Plaintiff-Appellant,**

v.

**SPERRY RAND CORPORATION, Defendant-Appellee,**

**CF & I Steel Corporation, Intervenor-Appellant.**

**No. 72-3515**

**Summary Calendar.**[*]

United States Court of Appeals, Fifth Circuit.

May 2, 1973.

Rehearing Denied June 6, 1973.

Robert E. Eatman, Henley A. Hunter, Shreveport, La., for intervenor-appellant.

Joseph W. Milner, Wilton H. Williams, Jr., Shreveport, La., for defendant-appellee.

Hugh M. Stephens, Shreveport, La., for Ordnance.

Jack H. Kaplan, Shreveport, La., for appearer, Haddad.

Before THORNBERRY, GOLDBERG and RONEY, Circuit Judges.

[*] Rule 18, 5th Cir.; see Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York, et al., 5th Cir. 1970, 431 F.2d 409, Part I.

PER CURIAM:

This appeal comes to us from the District Court's denial of appellant's motion to intervene in this diversity case. Because appellant-intervenor has failed to demonstrate that its interest is not adequately protected by the existing parties in the suit, we affirm the denial of the motion to intervene.

Ordnance Container Corporation filed suit against Sperry Rand Corporation, alleging that Sperry Rand had failed to perform certain contractual conditions. The contracts in question called for Ordnance to manufacture, and Sperry Rand to purchase, 82,500 M–229 ammunition boxes.

On March 7, 1972, almost six months after Ordnance had filed suit, Ordnance assigned the proceeds of the contracts in suit to appellant, CF&I Steel Corporation, as security for a promissory note and, by written instrument, directed Sperry Rand to pay the note from "any sum of money now due or that may become due by judgment or settlement of the aforementioned suit."

On May 23, 1972, CF&I filed a motion to intervene, seeking recognition of the assignment and payment of the debt due out of the proceeds of any amount for which judgment might be rendered in favor of Ordnance and against Sperry Rand. The District Court denied the motion to intervene.

CF&I seeks to intervene under Rule 24(a)(2), F.R.Civ.P., which provides that intervention of right shall be permitted

(2) when the applicant claims an interest relating to the property or transaction which is the subject of the action and he is so situated that the disposition of the action may as a practical matter impair or impede his ability to protect that interest, unless the applicant's interest is adequately represented by existing parties.

Intervention under Rule 24(a)(2) requires a showing that the intervenor's interest is not "adequately represented by existing parties." Martin v. Travelers Indemnity Co., 450 F.2d 542 (5th Cir. 1971); Gabriel v. Standard Fruit and Steamship Co., 448 F.2d 724 (5th Cir. 1971); Atlantis Development Corp. v. United States, 379 F.2d 818 (5th Cir. 1967).

In the case at bar, CF&I has failed to make such a showing. The District Court conducted a full hearing and ruled that CF&I did not qualify to intervene under Rule 24(a)(2). On appeal, CF&I does not demonstrate why the existing parties cannot adequately represent its interests. In its brief, CF&I states in conclusory language only that "[i]f Ordnance Container Corp. is unsuccessful in the case at bar, or the amount recovered is insufficient to discharge its liability to appellant, or the other parties disregard the assignment and settle between themselves, appellant may be irreparably injured." CF&I alleges no collusion between the existing parties, no nonfeasance by Ordnance, and no interest on the part of Ordnance substantially adverse to that of CF&I. To the contrary, since the ultimate objectives of both Ordnance and CF&I—recovery against Sperry Rand on the contract claims—are identical, the presumption is that the interests of CF&I will be adequately protected by Ordnance. See Ionian Shipping Co. v. British Law Ins. Co., Ltd., 426 F.2d 186 (2d Cir. 1970).

Despite denial of intervention in the present suit, CF&I has not lost its right to the proceeds of the contracts in suit. After the District Court denied intervention, CF&I sued Ordnance in state court on the promissory note, won a judgment for the full amount, and, after the judgment became executory, seized all interest of Ordnance in the case at bar against Sperry Rand. Thus, under the state statutes protecting judgment creditors, CF&I is assured that it will participate in all proceeds realized from disposition of the suit.

Additionally, treating the motion as one seeking permissive intervention under Rule 24(b), instead of as one seeking intervention of right, we conclude

that its denial was within the discretion of the District Court and not appealable since no abuse of discretion has been shown. *See* Martin v. Kalvar Corp., 411 F.2d 552 (5th Cir. 1969).

Since CF&I has failed to satisfy the requirements for intervention under Rule 24(a)(2), we need not determine whether intervention is also foreclosed by the contractual provisions prohibiting assignment·by Ordnance of the contracts.

Affirmed.