SOUTHERN ATHLETIC/BIKE v. HOUSE OF SPORTS, INC. AND A. C. BURGESS, JR.

No. 8127SC77

(Filed 15 September 1981)

Courts § 2.1— lack of personal jurisdiction—"show cause" order insufficient to obtain jurisdiction

> Where a judgment by default was obtained against a corporation and no reference was made in the complaint to the alleged liability of a personal defendant, plaintiff could not later acquire jurisdiction over a personal defendant by filing a motion in the cause requesting an order directing the personal defendant "to appear and show cause why judgment. . . should not be entered against him individually."

APPEAL by plaintiff from *Ferrell, Judge.* Order entered 2 October 1980 in Superior Court, GASTON County. Heard in the Court of Appeals 1 September 1981.

Southern Athletic/Bike v. House of Sports, Inc.

*Horace M. DuBose III, for plaintiff appellant.*

*Steven P. Pixley, for defendant appellee.*

VAUGHN, Judge.

The appeal is from an order, entered pursuant to Rule 60, relieving defendant from a judgment entered by Judge Kirby on 1 December 1978.

On 4 October 1978, plaintiff obtained a judgment by default for $8,136.77 against House of Sports, Inc., a corporation operating and doing business in North Carolina. The complaint made no reference to the alleged liability of any other person, either jointly or severally.

On 14 November 1978, plaintiff's attorney signed and filed a motion in the cause in which he asserted, in effect, that A. C. Burgess, Jr., was personally liable for the debt for which the judgment had been obtained against House of Sports, Inc. In the motion, plaintiff's attorney asked for an "order directing A. C. Burgess, Jr., to appear and show cause why judgment in the above captioned matter should not be entered against him individually." On the same day, an order was issued by Judge Kirby directing A. C. Burgess, Jr., to appear at 9:30 a.m. on 27 November 1978 ". . . and show cause, if any there may be why judgment should not be entered against him individually in the amount of Eight Thousand One Hundred Thirty-six and 77/100 ($8,136.77). . . ." The motion and order were served on Burgess on the date of their issuance. Burgess did not respond or appear. On 1 December 1978, the judge found facts substantially as set out in the motion signed by plaintiff's attorney and entered judgment "against A. C. Burgess, Jr., as guarantor of the debt of House of Sports, Inc. in the amount of Eight Thousand One Hundred Thirty-six and 77/100 ($8,136.77)." On 9 July 1980, Burgess moved to set the judgment aside as being void for failure to obtain service of process on him. On 2 October 1980, an order was entered declaring the judgment void and relieving Burgess from the judgment.

We hold that Judge Kirby's judgment of 1 December 1978 was void for lack of personal jurisdiction over defendant and affirm the order from which plaintiff appeals. Burgess was not a party to the action and the "show cause" order did not make him

one. *Skinner v. Coward*, 197 N.C. 466, 149 S.E. 682 (1929). In order to render a valid judgment against a defendant, it is essential that jurisdiction be obtained by the court in some way allowed by law. When a court has no authority to act, its acts are void. *Russell v. Manufacturing Co.*, 266 N.C. 531, 146 S.E. 2d 459 (1966).* One cannot be brought into a lawsuit without his consent ". . . either expressed or by entering a general appearance, except by causing summons to be served upon. . ." him. *McLean v. Matheny*, 240 N.C. 785, 787, 84 S.E. 2d 190, 192 (1954); *Plemmons v. Improvement Co.*, 108 N.C. 614, 13 S.E. 188 (1891);* *Ready Mix Concrete v. Sales Corp.*, 30 N.C. App. 526, 227 S.E. 2d 301 (1976).* Moreover, the "show cause" order does not even allow defendant the statutory time to answer any allegations that might have been made against him and, in other respects, deprives him of statutory and constitutional rights to due process of law. The judgment entered against him is a nullity.

Affirmed.

Judges ARNOLD and WEBB concur.

---

\* The cases marked with an asterisk have been overruled on grounds that are not material here.