VINCENT HART AND DEBORAH HART, PLAINTIFF v. F.N. THOMPSON CONSTRUCTION CO., DEFENDANT

No. COA98-569

(Filed 2 February 1999)

**Appeal and Error— appealability—denial of motion to dismiss—procedural issues**

Defendant could not immediately appeal an order denying defendant's motion to dismiss for lack of personal jurisdiction, insufficient process, and insufficient service of process where the appeal presents procedural issues with respect to plaintiffs' compliance with the Rules of Civil Procedure for issuance and service of process and does not involve insufficient minimum contacts with North Carolina to establish personal jurisdiction as a matter of due process.

Appeal by defendant from order entered 18 February 1998 by Judge Forrest A. Ferrell in Mecklenberg County Superior Court. Heard in the Court of Appeals 4 January 1999.

*Pamela A. Hunter for plaintiff-appellees.*

*Templeton & Raynor, P.A., by Michael J. Rousseaux, for defendant-appellant.*

MARTIN, Judge.

Plaintiffs filed this action against "F.N. Thompson Construction Company" seeking damages for personal injury due to alleged negligence. The summons and a copy of the complaint were served upon the Secretary of State of North Carolina, were mailed by the Secretary of State by certified mail addressed to "F.N. Thompson Construction Company, 201 Clanton Road, Charlotte, N.C., 28217", and were receipted for by one Mary Gibbs, an employee of F.N. Thompson Construction Company at that address.

Defendant moved to dismiss the action for lack of personal jurisdiction, G.S. § 1A-1, Rule 12(b)(2); for insufficiency of process, G.S. § 1A-1, Rule 12(b)(4); for insufficiency of service of process, G.S. § 1A-1, Rule 12(b)(5); and for failure to state a claim upon which relief can be granted, G.S. § 1A-1, Rule 12(b)(6). In support of its motion, F.N. Thompson Company asserted that although it is engaged in the construction business, it does not hold itself out as "F.N. Thompson Construction Company"; rather it is a North Carolina general partnership doing business under a Certificate of Assumed Name indicating that its general partners are two Delaware corporations whose offices are located in Alabama. It further asserted that neither general partner had been served with process in the manner prescribed by law. The trial court denied the motion to dismiss and defendant appeals.

For the reasons stated in *Berger v. Berger*, 67 N.C. App. 591, 313 S.E.2d 825, *disc. review denied*, 311 N.C. 303, 317 S.E.2d 678 (1984), we dismiss defendant's appeal as interlocutory. Appeal flows from either a final judgment or an interlocutory order which affects a substantial right which will be lost if the appeal is not considered prior to a final judgment. N.C. Gen. Stat. § 1-277(a); N.C. Gen. Stat. § 7A-27. Ordinarily an order denying a motion to dismiss pursuant to G.S. § 1A-1, Rule 12(b) is considered interlocutory and not affecting a substantial right, and consequently there is no right of immediate appeal

**HART v. F. N. THOMPSON CONSTR. CO.**

[132 N.C. App. 229 (1999)]

therefrom. *Teachy v. Coble Dairies, Inc.*, 306 N.C. 324, 293 S.E.2d 182 (1982). However, an immediate right to appeal from an order denying a motion to dismiss exists pursuant to G.S. § 1-277(b) which provides that "[a]ny interested party shall have the right of immediate appeal from an adverse ruling as to the jurisdiction of the court over the person or property of the defendant or such party may preserve his exception for determination upon any subsequent appeal in the cause." N.C. Gen. Stat. § 1-277(b). This Court has interpreted G.S. § 1-277(b) as allowing an immediate right of appeal only when the jurisdictional challenge is substantive rather than merely procedural. In *Berger v. Berger, supra,* we held that:

> While G.S. 1-277(b) appears to authorize such right, it is our duty on appeal to examine the underlying nature of defendant's motion: If defendant's motion raises a due process question of whether his contacts within the forum state were sufficient to justify the court's jurisdictional power over him, then the order denying such motion is immediately appealable under G.S. 1-277(b). If, on the other hand, defendant's motion, though couched in terms of lack of jurisdiction under Rule 12(b)(2), actually raises a question of sufficiency of service or process, then the order denying such motion is interlocutory and does not fall within the ambit of G.S. 1-277(b).

*Berger,* 67 N.C. App. at 595, 313 S.E.2d at 828-29; *see also* J. Brad Donovan, The Substantial Right Doctrine and Interlocutory Appeals, 17 Campbell L. Rev. 71, 99 (1995). The basis of defendant's appeal in the present case does not allege insufficient minimum contacts with North Carolina to establish personal jurisdiction as a matter of due process; rather the appeal presents procedural issues with respect to plaintiffs' compliance with the Rules of Civil Procedure for issuance and service of process under Rules 12(b)(4) & (5). Therefore, defendant's appeal is premature and must be dismissed.

Appeal dismissed.

Chief Judge EAGLES and Judge McGEE concur.