DUQUESNE ENERGY, INC., Plaintiff v. SHILOH INDUSTRIAL CONTRACTORS, INC. and PROCESS PLANT CONSULTANTS, INC., Defendants

No. COA01-443

(Filed 5 March 2002)

**Appeal and Error— appealability—partial summary judgment—avoidance of trial—not a substantial right**

An appeal from a partial summary judgment was dismissed as interlocutory where plaintiff pursued the appeal under the "substantial right doctrine," but avoiding trial on the merits is not a substantial right.

Appeal by plaintiff from judgment entered 18 October 2000 by Judge Cy A. Grant, Sr., in Halifax County Superior Court. Heard in the Court of Appeals 31 January 2002.

*Hux, Livermon & Armstrong, L.L.P., by H. Lawrence Armstrong, Jr., and James S. Livermon, Jr., for plaintiff-appellant.*

*Pepper Hamilton L.L.P., by George M. Medved and Kim M. Watterson, for plaintiff-appellant.*

*Battle, Winslow, Scott & Wiley, P.A., by Marshall A. Gallop, Jr., for defendant-appellee Shiloh Industrial Contractors, Inc.*

*Poyner & Spruill, L.L.P., by J. Nicholas Ellis and Timothy W. Wilson, for defendant-appellee Process Plant Consultants, Inc.*

SMITH, Judge.

Plaintiff appeals from the judgment entered 18 October 2000, where the trial court granted partial summary judgment in favor of defendant Shiloh Industrial Contractors, Inc. ("Shiloh"), and defendant Process Plant Consultants, Inc. ("PPC") on all claims of plaintiff, as well as summary judgment in favor of both defendants regarding their respective counterclaims for breach of contract against plaintiff.

The pleadings before the Court allege, in substance, that plaintiff entered into a contract with Shiloh and PPC to design and build a facility to manufacture an alternative fuel product. A disagreement arose over when the contract required completion of the facility, and plaintiff filed suit for, among other things, breach of contract. Defendants, respectively, filed answers and counterclaims against plaintiff. Plaintiff thereafter filed a motion for partial summary judgment; PPC filed a motion for summary judgment and Shiloh filed a motion for partial summary judgment. The trial court granted partial summary judgment in favor of defendants on all claims of plaintiff and on defendants' respective claims for breach of contract. Damages for plaintiff's breach were to be determined in a subsequent trial. In addition, Shiloh's claims against plaintiff for intentional fraud and unfair and deceptive practice, and PPC's claims for injury to business reputation and unfair and deceptive practice, remained to be adjudicated. The judgment was not certified for immediate review by the trial court pursuant to G.S. § 1A-1, Rule 54(b), even though plaintiff made a specific request to certify the judgment for appeal. Nevertheless, plaintiff filed notice of appeal of the trial court's judgment to this Court. Defendants thereafter filed motions to dismiss plaintiff's appeal as interlocutory.

**DUQUESNE ENERGY, INC. v. SHILOH INDUS. CONTR'RS, INC.**

[149 N.C. App. 227 (2002)]

An order is interlocutory "if it is made during the pendency of an action and does not dispose of the case but requires further action by the trial court in order to finally determine the entire controversy." *N.C. Dept. of Transportation v. Page*, 119 N.C. App. 730, 733, 460 S.E.2d 332, 334 (1995) (citation omitted). Although interlocutory orders are generally not immediately appealable, a party may appeal from an interlocutory order which affects a substantial right. *Hart v. F.N. Thompson Constr. Co.*, 132 N.C. App. 229, 511 S.E.2d 27 (1999) (citing N.C. Gen. Stat. § 1-277(a); N.C. Gen. Stat. § 7A-27). A substantial right is "one which will clearly be lost or irremediably adversely affected if the order is not reviewable before final judgment." *Blackwelder v. Dept. of Human Resources*, 60 N.C. App. 331, 335, 299 S.E.2d 777, 780 (1983). This Court "must determine whether denial of immediate review exposes a party to multiple trials with the possibility of inconsistent verdicts." *Creek Pointe Homeowner's Ass'n., Inc. v. Happ*, 146 N.C. App. 159, 162, 552 S.E.2d 220, 223 (2001) (citing *Murphy v. Coastal Physician Grp., Inc.*, 139 N.C. App. 290, 533 S.E.2d 817 (2000); *Moose v. Nissan of Statesville*, 115 N.C. App. 423, 444 S.E.2d 694 (1994)).

In plaintiff's brief in opposition to Shiloh's motion to dismiss plaintiff's appeal as interlocutory, plaintiff admitted the appeal was interlocutory but nevertheless argued that it was pursuing the present appeal under the "substantial right doctrine." However, no substantial right is involved in the present case which would require this Court to review plaintiff's appeal prior to a full determination of the entire controversy among the parties. The trial court's grant of summary judgment dismissing all of plaintiff's claims and entering judgment in favor of both defendants as to their respective breach of contract claims resolves, for now, the question of which party breached the contract. Plaintiff, for now, will be held accountable in a trial determining damages for its breach; plaintiff will also be required to stand trial for the separate claims brought by defendants. This Court has repeatedly held that avoiding trial on the merits is not a substantial right. *Leake v. Sunbelt Ltd. of Raleigh*, 93 N.C. App. 199, 377 S.E.2d 285, *disc. review denied*, 324 N.C. 578, 381 S.E.2d 774 (1989) (citing *Horne v. Nobility Homes, Inc.*, 88 N.C. App. 476, 363 S.E.2d 642 (1988)). Plaintiff has not identified a substantial right which would be irremediably adversely affected by this Court's refusal to hear this interlocutory appeal. *Blackwelder*, 60 N.C. App. 331, 299 S.E.2d 777.

Plaintiff's appeal in the present case is interlocutory, does not affect a substantial right, and is therefore dismissed.

**YORDY v. N.C. FARM BUREAU MUT. INS. CO.**

[149 N.C. App. 230 (2002)]

Dismissed.

Judges TIMMONS-GOODSON and BRYANT concur.