DALLAS R. ALLEN, JR. AND WIFE, GLORIA ALLEN, PLAINTIFFS V.
JEFFREY MAX STONE, DEFENDANT

No. COA02-1600

(Filed 2 December 2003)

**Appeal and Error— appealability—interlocutory order— denial of motion to dismiss**

Defendant's appeal from the trial court's order denying his motion to dismiss an action filed against him by plaintiffs is dismissed as an appeal from an interlocutory order, because: (1) an order denying a motion to dismiss under N.C.G.S. § 1A-1, Rule 41(a)(1) is interlocutory; and (2) a denial of a motion to dismiss made on the ground that the action is barred under the Rule 41(a)(1) two-dismissal rule does not affect a substantial right.

Appeal by defendant from judgment entered 19 September 2002 by Judge Cy A. Grant, Sr. in Northampton County Superior Court. Heard in the Court of Appeals 10 September 2003.

*Perry W. Martin for plaintiffs-appellees.*

*Faison & Gillespie, by Keith D. Burns, for defendant-appellant.*

ELMORE, Judge.

Defendant Jeffrey Max Stone appeals from the trial court's order denying his motion to dismiss an action filed against him by Dallas R. Allen, Jr. and wife, Gloria Allen (collectively, plaintiffs). For the reasons stated herein, defendant's appeal is dismissed as interlocutory.

On or about 20 January 1999, plaintiff Dallas R. Allen, Jr. filed an action against defendant, civil action number 99 CVD 23, (the district court action) in Northampton County District Court. In the district court action, Mr. Allen asserted claims for fraud, alleging that he advanced money to defendant on various occasions in 1993 based on defendant's "fraudulent statements, representations, and inducements" regarding defendant's ability to profitably invest Mr. Allen's money. Mr. Allen mistakenly filed the action in district court despite seeking actual damages of $183,511.82 and punitive damages of at least $300,000.00 in his complaint. On 10 August 1999, Mr. Allen voluntarily dismissed the district court action without prejudice, pursuant to N.C. Gen. Stat. § 1A-1, Rule 41(a) (2001).

On or about 13 August 1999, Mr. Allen filed a second action against defendant, this time in Northampton County Superior Court, civil action number 99 CVS 359 (the superior court action). The complaint filed in the superior court action also alleged fraud and was identical to the district court action's complaint in all material respects save one: the superior court action's complaint contained an additional paragraph alleging "the sums of money [defendant allegedly defrauded from Mr. Allen] are attested to and executed by the Defendant under general warranty notes with clear reference to the use of the word 'Under Seal' (attached hereto as Exhibit A of this Complaint)." Attached to the superior court action's complaint were two documents, each entitled "Promissory Note" and each executed by Mr. Allen and defendant. The first promissory note, in the principal amount of $37,500.00, was dated 1 January 1993; the second, in the principal amount of $49,000.00, was dated 16 April 1993.

On 4 December 2001, plaintiff filed a notice of voluntary dismissal of the superior court action, which stated as follows:

> Pursuant to the provisions of Rule 41(a) of the North Carolina Rules of Civil Procedure, the Plaintiff, Dallas R. Allen, Jr. hereby voluntarily dismisses his complaint without prejudice. This Notice of Dismissal is taken with the specific understanding and stipulation of all parties and attorneys that the prior dismissal in District Court by the Plaintiff due to a clerical error does not cause the "two dismissal rule" to apply in regard to this case, and the Plaintiff specifically reserves the right to file this action in Superior Court within the time allowed by law.
>
> . . . .

Defendant denies entering into any understanding or stipulation that the Rule 41 "two dismissal rule" would not apply in this case.

On 12 February 2002, Mr. Allen, this time joined as a party plaintiff by his wife, commenced the present action against defendant by filing a complaint in Northampton County Superior Court, civil action number 02 CVS 53. Unlike the complaints in the district court and superior court actions, the complaint in the present action contained no allegations of fraud but instead expressly asserted a claim for "Collection of Promissory Notes" and specifically alleged the execution and delivery by defendant to plaintiffs of two promissory notes, dated 1 January 1993 and 16 April 1993 and in the principal amounts of $37,500.00 and $49,000.00, respectively. Plaintiffs, alleging that

ALLEN v. STONE

[161 N.C. App. 519 (2003)]

"[d]efendant has defaulted under the terms of the notes, and the notes have become due and now past due[,]" seek recovery in the present action of each note's principal amount plus interest.

On 17 April 2002, defendant filed a motion to dismiss plaintiffs' present action, asserting the claims therein have been dismissed twice previously and are therefore barred by Rule 41(a)(1). Defendant appeals from the trial court's order denying his motion to dismiss.

An order is interlocutory if it is made during the pendency of an action and does not dispose of the case, but rather requires the trial court to take further action in order to finally determine the entire controversy. *Duquesne Energy, Inc. v. Shiloh Indus. Contr'rs., Inc.,* 149 N.C. App. 227, 229, 560 S.E.2d 388, 389 (2002). While interlocutory orders are generally not immediately appealable, a party may appeal from an interlocutory order which affects a substantial right. *Hart v. F.N. Thompson Constr. Co.,* 132 N.C. App. 229, 230, 511 S.E.2d 27, 28 (1999); *see also* N.C. Gen. Stat. § 1-277(a) (2001); N.C. Gen. Stat. § 7A-27 (2001).

Because defendant in the present case acknowledges that the order denying his motion to dismiss pursuant to Rule 41(a)(1) is interlocutory, we must determine whether the order affects a substantial right. As the appellant, defendant has the burden of showing this Court that the order deprives him of a substantial right which would be jeopardized absent our review prior to a final determination on the merits. *Jeffreys v. Raleigh Oaks Joint Venture,* 115 N.C. App. 377, 380, 444 S.E.2d 252, 254 (1994). If defendant fails to carry this burden, the appeal is subject to dismissal as interlocutory. *Auction Co. v. Myers,* 40 N.C. App. 570, 574, 253 S.E.2d 362, 365 (1979).

Our appellate courts have not previously addressed the issue of whether denial of a motion to dismiss made on the grounds that the action is barred under Rule 41(a)(1) affects a substantial right. However, our appellate courts have considered this question regarding denials of motions to dismiss made on other grounds, and these decisions guide our analysis in the present case. For example, this Court has held that an order denying a motion to dismiss pursuant to N.C. Gen. Stat. § 1A-1, Rule 12(b) is ordinarily interlocutory and does not affect a substantial right, and consequently does not give rise to a right of immediate appeal, except in cases where "the jurisdictional challenge is substantive rather than merely procedural." *Hart,* 132 N.C. App. at 230-31, 511 S.E.2d at 28. In so holding, we have noted

that the denial of a motion to dismiss pursuant to Rule 12(b)(6) merely continues the action in the trial court for further litigation. *Country Club of Johnston County, Inc. v. U.S. Fidelity and Guar. Co.*, 135 N.C. App. 159, 164, 519 S.E.2d 540, 544 (1999), *disc. review denied*, 351 N.C. 352, 542 S.E.2d 207-08 (2000). Moreover, this Court has held that a "claim that the action should be dismissed pursuant to Rule 41(b) for failure to prosecute must be dismissed as interlocutory." *Berkman v. Berkman*, 106 N.C. App. 701, 703, 417 S.E.2d 831, 833 (1992).

In the present case, defendant correctly notes that in cases in which a party asserts sovereign, governmental, or qualified immunity, denial of a motion to dismiss affects a substantial right and is immediately appealable. *Derwort v. Polk County*, 129 N.C. App. 789, 790-91, 501 S.E.2d 379, 380 (1998). In his brief, defendant argues the Rule 41(a)(1) two-dismissal rule creates a "right to be free from the burdens of litigation" giving rise to a "conditional immunity from suit," such that denial of a motion to dismiss grounded on Rule 41(a)(1) likewise affects a substantial right and is immediately appealable. We decline to adopt defendant's interpretation of Rule 41(a)(1) as creating a "conditional immunity from suit."

After a careful review of the record and existing legal authority, we discern no substantial right that would be affected absent immediate appellate review. This Court has previously stated that avoidance of a trial, no matter how tedious or unnecessary, is not a substantial right entitling an appellant to immediate review. *Blackwelder v. Dept. of Human Resources*, 60 N.C. App. 331, 335, 299 S.E.2d 777, 780-81 (1983). In the present case, the order denying defendant's motion to dismiss merely continues this matter for further litigation in the trial court. Because defendant has not met his burden of showing this Court that the order deprives him of a substantial right which would be jeopardized absent our review prior to a final determination on the merits, defendant's appeal is dismissed as interlocutory.

Dismissed.

Judges TIMMONS-GOODSON and HUDSON concur.