JACINDA BURTON, ADMINISTRATRIX OF THE ESTATE OF MICHAEL C. BURTON, PLAINTIFF v. PHOENIX FABRICATORS AND ERECTORS, INC. AND DAVIS, MARTIN, POWELL & ASSOCIATES, INC., DEFENDANTS

DONNA DAVIS, ADMINISTRATRIX OF THE ESTATE OF CHARLES M. DAVIS, PLAINTIFF v. PHOENIX FABRICATORS AND ERECTORS, INC. AND DAVIS, MARTIN, POWELL & ASSOCIATES, INC., DEFENDANTS

No. COA06-1195

(Filed 7 August 2007)

**Appeal and Error— appealability—denial of motion to dismiss—subject matter jurisdiction—brief not considered petition for certiorari—Rule 2 inapplicable**

The trial court's interlocutory orders denying defendant employer's motions to dismiss tort actions for the deaths of two employees in North Carolina on the ground of lack of subject matter jurisdiction based upon defendant's contention that the exclusive remedy provision of the Indiana Workers' Compensation Act provided it with "immunity" from suit did not affect a substantial right and were this not immediately appealable because, upon the final resolution of all of plaintiffs' claims, defendant will be entitled to appeal the issue it asks the appellate court to review, and defendant's desire to avoid a trial on the merits does not warrant immediate appellate review. Furthermore, defendant employer's brief will not be treated as a petition for a writ of certiorari because defendant has not complied with the requirements for such a petition set out in N.C. R. App. P. 21(c), and defendant has not pointed to any "manifest injustice" or compelling need "to expedite decision in the public interest" as required for the application of N.C. R. App. P. 2.

Appeal by defendant from orders entered 16 May 2006 by Judge W. Osmond Smith, III in Granville County Superior Court. Heard in the Court of Appeals 27 March 2007.

*Price, Smith, Hargett, Petho & Anderson, by William Benjamin Smith, for plaintiffs-appellees.*

*Carruthers & Roth, P.A., by Kenneth R. Keller, J. Patrick Haywood, and William J. McMahon, IV, for defendant-appellant Phoenix Fabricators and Erectors, Inc.*

GEER, Judge.

Defendant Phoenix Fabricators and Erectors, Inc. ("Phoenix") appeals from the denial of its Rule 12(b)(1) motion to dismiss the complaints of plaintiffs Jacinda Burton and Donna Davis, alleging negligence in the death of their husbands while working for Phoenix in North Carolina. Phoenix acknowledges that the order below is interlocutory, but nonetheless argues that immediate appellate review is justified based on the "exclusive remedy" workers' compensation statute of the State of Indiana. Although Phoenix claims that the Indiana statute grants them "immunity from suit," our appellate courts have held, when considering other analogous circumstances, that a mere desire to avoid trial does not give rise to a substantial right justifying an interlocutory appeal. We, therefore, dismiss Phoenix's appeal.

## Facts

Michael Burton and Charles Davis, plaintiffs' decedents, were killed on 30 October 2002 while they were helping to construct an elevated water storage tank on property owned by Granville County. Both men were employees of Phoenix. On 10 June 2004, Jacinda Burton, the Administratrix of the Estate of Michael Burton, and Donna Davis, the Administratrix of the Estate of Charles Davis, filed companion tort actions against three defendants: Phoenix, the employer; Granville County, the property owner; and Davis, Martin, Powell & Associates, Inc., one of the project's contractors.

According to plaintiffs, their husbands were assigned to work on the exterior of the water tower at a height over 80 feet above the ground without having any "fall arrest protection." While the two men were performing their work, a crane was hoisting a section of the structure into place. The crane failed, causing the load to collide with the completed portion of the tower and knocking the two men from the tower. They fell to the ground, suffering fatal injuries.

All defendants filed motions for summary judgment. Subsequently, Phoenix also filed a motion to dismiss both actions pursu-

ant to N.C.R. Civ. P. 12(b)(1), asserting that the trial court lacked subject matter jurisdiction. Judge W. Osmond Smith, III of Granville County Superior Court entered orders granting summary judgment in favor of Granville County and Davis, Martin, Powell & Associates. He denied Phoenix's motions for summary judgment and for dismissal. Phoenix has appealed only from the orders denying its Rule 12(b)(1) motions to dismiss for lack of subject matter jurisdiction.

## Discussion

It is well established in North Carolina that "[a] trial judge's order denying a motion to dismiss for lack of subject matter jurisdiction is interlocutory and not immediately appealable." *Shaver v. N.C. Monroe Constr. Co.*, 54 N.C. App. 486, 487, 283 S.E.2d 526, 527 (1981). *See also Teachy v. Coble Dairies, Inc.*, 306 N.C. 324, 327, 293 S.E.2d 182, 184 (1982) (approving *Shaver*); *Data Gen. Corp. v. County of Durham*, 143 N.C. App. 97, 100, 545 S.E.2d 243, 246 (2001) (holding that "the denial of a motion to dismiss pursuant to Rule 12(b)(1) for lack of subject matter jurisdiction is not immediately appealable"). As our Supreme Court has recently acknowledged, however, interlocutory review of such an order nonetheless may be permissible if the appellant demonstrates that, under the circumstances of the particular case, the order affects a substantial right that would be jeopardized in the absence of review prior to a final determination on the merits. *Harris v. Matthews*, 361 N.C. 265, 269, 643 S.E.2d 566, 569 (2007) (permitting interlocutory appeal when order denying motion to dismiss for lack of subject matter jurisdiction affected first amendment right to freedom of religion).

Phoenix bears "[t]he burden . . . to establish that a substantial right will be affected unless [it] is allowed immediate appeal from an interlocutory order." *Embler v. Embler*, 143 N.C. App. 162, 166, 545 S.E.2d 259, 262 (2001). Phoenix points to the fact that it paid plaintiffs benefits under the Indiana Workers' Compensation Act and argues: "Indiana law is absolutely clear that once an employee or his estate collects workers' compensation benefits, he or it relinquishes the option to pursue a civil action against the employer. Such a receipt of benefits . . . divests the Trial Court of subject matter jurisdiction." *See* Ind. Code Ann. § 22-3-2-6 ("The rights and remedies granted to an employee subject to IC 22-3-2 through IC 22-3-6 on account of personal injury or death by accident shall exclude all other rights and remedies of such employee, the employee's personal representatives, dependents, or next of kin, at common law or otherwise,

on account of such injury or death, except for remedies available under IC 5-2-6.1.").

Phoenix contends that Indiana's "exclusive remedy" statute provides it with "immunity from suit" and that, as a result, it is entitled to immediate review of the denial of its 12(b)(1) motion. Phoenix analogizes this claimed right to avoid suit to other rights this Court has already deemed sufficiently substantial to warrant immediate appellate review, such as when a trial court denies the defense of sovereign immunity. *See Price v. Davis*, 132 N.C. App. 556, 558-59, 512 S.E.2d 783, 785 (1999) (recognizing "that appeals raising issues of governmental or sovereign immunity affect a substantial right sufficient to warrant immediate appellate review").

This Court has, however, previously rejected similar attempts by appellants to cast their litigation defenses in the mold of an "immunity" in order to obtain immediate appellate review of an adverse ruling. For example, in *Allen v. Stone*, 161 N.C. App. 519, 522, 588 S.E.2d 495, 497 (2003), the "defendant argue[d] the Rule 41(a)(1) two-dismissal rule creates a 'right to be free from the burdens of litigation' giving rise to a 'conditional immunity from suit,' such that denial of a motion to dismiss grounded on Rule 41(a)(1) likewise affects a substantial right and is immediately appealable." We expressly "decline[d] to adopt defendant's interpretation of Rule 41(a)(1) as creating a 'conditional immunity from suit' " and held that we could "discern no substantial right that would be affected absent immediate appellate review." *Id. See also Robinson v. Gardner*, 167 N.C. App. 763, 768, 606 S.E.2d 449, 452 (again rejecting argument that two-dismissal rule under Rule 41(a)(1) "creates a form of immunity that supports an interlocutory appeal"), *disc. review denied*, 359 N.C. 322, 611 S.E.2d 417 (2005).

In *Lee v. Baxter*, 147 N.C. App. 517, 519, 556 S.E.2d 36, 37 (2001), the appellant took a similar approach, "argu[ing] that the statute of repose gives a defendant a 'vested right' not to be sued and is therefore similar to the defense of immunity, which is considered a substantial right." Again, we rejected the contention, noting that "[u]nlike a claim for immunity, [the appellant's] right to raise the statute of repose defense will not be lost if we do not review the case prior to a final judgment since [the appellant] may raise the issue on appeal from a final judgment." *Id.* at 520, 556 S.E.2d at 37. *See also Thompson v. Norfolk S. Ry. Co.*, 140 N.C. App. 115, 121, 535 S.E.2d 397, 401 (2000) (holding that an interlocutory "order denying a party's motion to dismiss based on a statute of limitation does not effect [sic]

a substantial right and is therefore not appealable"). The Court in *Lee* continued: "The only loss [the appellant] will suffer will be the time and expense of trial. We note, however, that avoiding the time and expense of trial is not a substantial right justifying immediate appeal." 147 N.C. App. at 520, 556 S.E.2d at 37-38. *See also Allen*, 161 N.C. App. at 522, 588 S.E.2d at 497 (holding that "avoidance of a trial, no matter how tedious or unnecessary, is not a substantial right entitling an appellant to immediate review").

In this case, we find that Phoenix's "exclusive remedy" defense under the Indiana Workers' Compensation Act is, with respect to an interlocutory appeal, materially indistinguishable from defenses based on the two-dismissal rule or a statute of repose. Upon the trial court's final resolution of all of plaintiffs' claims, Phoenix will be entitled to appeal, if necessary, the issue it currently asks this Court to review. In the meantime, however, Phoenix's desire to avoid a trial on the merits does not warrant immediate appellate intervention "no matter how tedious or unnecessary" a trial may be. *Id.*

Phoenix also points to decisions allowing an interlocutory appeal from an order denying a motion to compel arbitration. *See Futrelle v. Duke Univ.*, 127 N.C. App. 244, 247, 488 S.E.2d 635, 638 (recognizing that interlocutory order denying arbitration may be immediately appealed because it involves a substantial right that might be lost if appeal is delayed), *disc. review denied*, 347 N.C. 398, 494 S.E.2d 412 (1997). Those decisions are, however, based on the public policy favoring arbitration and the fact that "the right to arbitration would effectively be lost if appeal is delayed" until after the litigation was complete. *Id.* Here, an appeal following final judgment would still permit Phoenix to avoid liability to plaintiffs, a primary benefit of the "exclusive remedy" statute. This appeal should, therefore, be dismissed.

Alternatively, Phoenix asks this Court to review the order below pursuant to a petition for writ of certiorari under N.C.R. App. P. 21(a)(1). We note initially that Phoenix has not complied with the requirements for a petition for writ of certiorari set out in N.C.R. App. P. 21(c). *See State v. McCoy*, 171 N.C. App. 636, 638-39, 615 S.E.2d 319, 321 (refusing to review otherwise belated appeal pursuant to Rule 21 because request in footnote of appellant's brief that brief be treated as an alternative petition for writ of certiorari did not meet requirements of Rule 21(c)), *appeal dismissed*, 360 N.C. 73, 622 S.E.2d 626 (2005). Second, Phoenix has not pointed to any "manifest injustice" or compelling need "to expedite decision in the public interest," as

IN THE COURT OF APPEALS

required in order for this Court to suspend the requirements of Rule 21 under Rule 2 of the Rules of Appellate Procedure. *See, e.g., Brown v. City of Winston-Salem*, 171 N.C. App. 266, 269, 614 S.E.2d 599, 601 ("Rule 2 of the North Carolina Rules of Appellate Procedure permits this Court to suspend or vary the requirements of the Rules '[t]o prevent manifest injustice to a party, or to expedite decision in the public interest.' We exercise our authority under Rule 2 to consider the parties' appeals as petitions for *certiorari*, and we grant *certiorari* to review the trial court's interlocutory order." (alteration in original)), *cert. denied*, 360 N.C. 60, 621 S.E.2d 176 (2005). Finally, even if we were to treat Phoenix's brief as a petition for writ of certiorari, Phoenix has not shown that the circumstances of this case are such that immediate appellate review is necessary. Accordingly, we decline to review this case pursuant to a petition for writ of certiorari.

Appeal dismissed.

Chief Judge MARTIN and Judge WYNN concur.