McGEE, Chief Judge.
*228 Virginia Quinn Campbell ("Defendant") appeals from a preliminary injunction, entered by the trial court on 23 April 2014 ("the 23 April 2014 order"), as part of the equitable distribution action filed by her husband, Patrick Joseph Campbell ("Plaintiff"). The preliminary injunction ordered: (1) Defendant to transfer assets belonging to Triangle Strategy Group, LLC ("TSG"), a company owned by the parties; (2) ordered the parties to act on behalf of TSG to hire an interim controlling manager during the pendency of their equitable distribution action; and (3) ordered TSG to pay and indemnify the interim manager, post an unsecured bond, and implement a six-to-twelve month business plan, which would deplete all of TSG's finances in an effort to expand the business. The trial court also found that Defendant was not a manager of TSG. Because TSG was not a party to the equitable distribution action, the trial court did not have jurisdiction to exercise control over TSG's assets, operations, and management structure, and Defendant, an owner of TSG, had a substantial right affected thereby. Therefore, we must vacate the order of the trial court.
I. Background
Plaintiff and Defendant were married on 24 July 1999. In June 2007, they incorporated TSG in Delaware and established its principal office in Wake County. Plaintiff owns a fifty-one percent share of TSG, and Defendant owns the remaining forty-nine percent. TSG has been the parties' sole source of income since 2007, and it is uncontested that TSG is a marital asset.
TSG operates mainly as a consulting firm that focuses on "impulse marketing" for large corporations. Plaintiff is the primary operator of TSG, although Defendant has authority to sign checks, transfer funds, and conduct some transactions for TSG in the ordinary course of business. Plaintiff also has been developing and seeking patents for a new type of sensor technology for TSG over the last several years, which reportedly would allow companies to collect data on how consumers interact with their products in actual stores ("Shelf Lab").
The parties separated on 18 October 2013, after Plaintiff was arrested for assaulting Defendant and their two children. An ex parte domestic violence protective order was entered against Plaintiff on 21 October 2013. The parties signed a consent domestic violence protective order in January 2014.
*229 At the time of Plaintiff's 18 October 2013 arrest, the TSG operating account contained approximately $751,000.00. Defendant transferred $350,000.00 of those funds into a separate account that same night, shortly after Plaintiff was taken into custody. Defendant did not spend any of the $350,000.00 and, at the time of the hearing on the present action, that money was held in a corporate account to which only Defendant had access. Defendant also took a $75,000.00 "owner's draw" from the TSG operating account within several days of Plaintiff's arrest.[1] Finally, between 25 and 30 October 2013, Defendant transferred all of the funds from the parties' private Fidelity investment account, totaling approximately $226,727.00, into another private *95 account to which only Defendant had access.
Plaintiff originally attempted to recover the $350,000.00 of TSG funds by filing an action on behalf of TSG in Wake County Superior Court. However, Plaintiff dismissed that action and filed the present one because he felt he could have the issue adjudicated more quickly as part of an equitable distribution action in district court. Specifically, in the present action, Plaintiff sought, inter alia, equitable distribution, an interim distribution, and injunctive relief requiring Defendant to return the $350,000.00 of TSG funds to TSG. Defendant's response, inter alia, sought to join TSG as a party and to have a receiver appointed to run TSG during the pendency of the present action. Defendant also moved for the imposition of a constructive trust for Defendant's benefit for her share of the proceeds and property of TSG. The trial court held a hearing on these matters on 10 March 2014, during which counsel for Defendant argued that "the only issues that can be decided by [the trial court] are the Chapter 50 domestic issues" because TSG was not a party to the action.
The trial court, in an order entered 18 March 2014, made an interim distribution to the parties and directed Defendant to return to Plaintiff half of the approximately $226,727.00 that Defendant had removed from the parties' private investment account. That order has not been appealed by either party.
In the 23 April 2014 order that is the subject of the present appeal, the trial court issued a preliminary injunction and ordered Defendant to return the $350,000.00 of TSG funds to TSG, declared that Defendant was not a manager of TSG, ordered her to not interfere with the operations *230 of TSG, declined to impose a constructive trust for Defendant's benefit on any of TSG's assets, and declined to add TSG as a party to the action. The trial court also declined to appoint a receiver to run TSG; however, at Plaintiff's request, the trial court did order the parties to appoint Dr. Alan L. Tharp ("Dr. Tharp") to serve as an interim controlling manager of TSG. The trial court also ordered TSG specifically to indemnify Dr. Tharp for his management of TSG, pay him $110.00 per hour, and ordered the company to post a $500.00 unsecured bond during the pendency of the preliminary injunction.
The trial court further ordered that "Dr. Tharp's powers and duties as interim-manager of TSG shall be consistent and in furtherance of the current [six-to-twelve] month business plan" of TSG. This business plan was devised by Plaintiff and reportedly would involve TSG spending all of the money in its operating account by March 2015 in order to implement Shelf Lab, in the hope that this investment would bring about a "significant" financial payoff thereafter. This business plan also reportedly called for no shareholder distributions during the plan's implementation.
II. Appealability
We first must determine whether Defendant's interlocutory appeal may be reviewed by this Court.
An order is interlocutory when it does not dispose of the entire case but instead, leaves outstanding issues for further action at the trial level. Ordinarily, when an order is interlocutory, it is not immediately appealable. However, we will review the trial court's order if it affects some substantial right claimed by the appellant and will work an injury to [her] if not corrected before an appeal from the final judgment.
Mecklenburg Cnty. v. Simply Fashion Stores, Ltd., 208 N.C.App. 664, 667, 704 S.E.2d 48, 51 (2010) (citations and internal quotation marks omitted). "The decision as to whether to grant [a preliminary] injunction [in an equitable distribution action] for the purpose of preserving the status quo pending trial is left to the discretion of the trial judge, and generally no appeal lies from the issuance of such an injunction." Dixon v. Dixon, 62 N.C.App. 744, 745, 303 S.E.2d 606, 607 (1983) (citations omitted). Nonetheless, "[w]hether an interlocutory appeal affects a substantial right is determined on a case-by-case basis." Grant v. High Point Reg'l Health Sys., 172 N.C.App. 852, 853, 616 S.E.2d 688, 689 (2005).
*231 In the present action, Defendant contends that the trial court's preliminary injunction *96 did not preserve the status quo during the parties' equitable distribution action, but instead would allow Plaintiff to entirely deplete the cash reserves of TSG as part of a new business plan. Defendant also maintains that the injunction hindered her ability to protect her interest in TSG because the trial court exerted significant control over TSG's assets and operations, declared that Defendant was not a manager of TSG, and ordered Defendant to not interfere with TSG's operations-even though the trial court denied Defendant's motion to add TSG as a party to the present action. In light of the business plan's goal of spending all of TSG's funds, Defendant, an owner of TSG, did have a substantial right affected when the trial court exerted significant control over TSG's assets, operations, and management structure in order to effectuate the business plan while TSG was not a party to the present action. Therefore, Defendant's interlocutory appeal may be heard by this Court. See Mecklenburg Cnty., 208 N.C.App. at 667, 704 S.E.2d at 51.
III. Analysis
Defendant's brief raises a number of jurisdictional challenges to the 23 April 2014 order. Specifically, Defendant objects to the trial court (1) ordering Defendant to transfer $350,000.00 in TSG assets; (2) ordering the parties, as members of TSG, to appoint Dr. Tharp as an interim controlling manager; (3) ordering TSG to indemnify and pay Dr. Tharp, and to post an unsecured bond during the pendency of the preliminary injunction; and (4) declaring that Defendant was not a manager of TSG. Defendant contends that the trial court did not have the authority to take these actions because TSG was not a party to the present action. We agree.
"The courts are not free, for the sake of convenience, to completely ignore the existence of a legal entity, such as [an] LLC." Keith v. Wallerich, 201 N.C.App. 550, 558, 687 S.E.2d 299, 304 (2009). "A corporation, even one closely held, is recognized as a separate legal entity ... [even when its members are] engaged in litigation which is personal in nature[.]" See Quick v. Quick, 305 N.C. 446, 460, 290 S.E.2d 653, 662 (1982). More specifically, where a separate legal entity has not been made a party to an action, the trial court does not have the authority to order that entity to act. See Southern Athletic/Bike v. House of Sports, Inc., 53 N.C.App. 804, 806, 281 S.E.2d 698, 699 (1981). Moreover, even where a named party to an action is a member-manager of an LLC, the assets of which are contested in a pending equitable distribution action, *232 "[t]he trial court exceed [s] its authority when it order[s] [that named party] to transfer the assets of the LLC" without first adding the LLC as a party to the action. See Keith, 201 N.C.App. at 552, 558, 687 S.E.2d at 300, 304.
In the present case, the trial court ordered Defendant to transfer $350,000.00 of TSG assets without first adding TSG as a party. The trial court also effectively ordered TSG to act by ordering the parties, as the only members of TSG, to appoint Dr. Tharp as an interim controlling manager of TSG, and it specifically ordered TSG to act by ordering TSG to indemnify and pay Dr. Tharp and to post an unsecured bond during the pendency of the preliminary injunction. Finally, the trial court affected the management structure of TSG by finding that Defendant was not a manager of TSG, even though TSG's filings consistently listed Defendant as a manager of TSG and TSG's attorney repeatedly testified that Defendant was a manager, albeit not one "necessary to the function of the company." Because TSG was not made a party to the present action, the trial court did not have the authority to exercise control over TSG. See id.; Southern Athletic/Bike, 53 N.C.App. at 806, 281 S.E.2d at 699. Therefore, we must vacate the 23 April 2014 order of the trial court.
VACATED.
Judges HUNTER, JR. and DIETZ concur.

In response, pursuant to the TSG operating agreement, Plaintiff was later required to take an owner's draw of approximately $78,000.00, in proportion to his ownership interest in TSG.