IN THE COURT OF APPEALS OF NORTH CAROLINA

No. COA25-612

Filed 18 February 2026

New Hanover County, No. 23CVD001899-640

PHILIP LEE ROESEL, Plaintiff,

v.

ELIZABETH MAE WHITEMAN ROESEL, Defendant.

Appeal by defendant from judgment entered 16 December 2024 by Judge Jeffrey Evan Noecker in New Hanover County District Court. Heard in the Court of Appeals 28 January 2026.

> *Ward & Smith, P.A., by J. Albert Clyburn, Christopher S. Edwards, and Mark S. Wigley, for the plaintiff-appellee.*

> *The Lea/Schultz Law Firm, P.C., by James W. Lea, III for the plaintiff-appellee.*

> *Cranfill Sumner LLP, by Stephen J. Bell, and Chad E. Rhoades, for the intervenor-appellant-Fenix Contracting, Inc.*

> *Mincey Bell Milnor, by Patrick M. Mincey for the intervenor-appellant-Fenix Contracting, Inc.*

TYSON, Judge.

Fenix Contracting, Inc. ("Fenix") appeals from the trial court's order denying its motion to intervene in the equitable distribution action pending between Philip Lee Roesel ("Plaintiff") and Elizabeth Mae Whiteman Roesel ("Defendant"). We affirm.

## I.  Background

Plaintiff and Defendant were married in 2013 and separated on 12 October 2021.  During their marriage, Plaintiff and Defendant formed Fenix, an insurance brokerage company.  Fenix's business assists individuals to procure "Affordable Care Act" health insurance policies.  Defendant is the sole "100% woman-owned" shareholder and serves as the company's president, while Plaintiff managed all the company's daily operations, customer and revenue generation, and business practices.  Fenix acquired thousands of clients, raised substantial revenue, and its assets are the primary source of dispute in the equitable distribution action.

Plaintiff filed a verified complaint against Defendant on 8 June 2023, to assert claims for custody of the parties' minor child and equitable distribution of the marital property, including Fenix.  Defendant answered, asserted a counterclaim, and sought equitable distribution.

The parties engaged in considerable litigation regarding Fenix.  As the equitable distribution case progressed, Plaintiff moved on three occasions for the trial court to restrain or enjoin Defendant's ability to withdraw or dispose of funds held by Fenix.  Those motions were denied.

Defendant and Fenix sued Plaintiff in a civil action in New Hanover County Superior Court on 18 October 2023.  Defendant and Fenix alleged Plaintiff had formed a new corporation with a similar name, and had purportedly used Fenix's property and records to divert customers, agents, and business away from Fenix and

to his new corporation. The complaint asserts claims for conversion, unfair and deceptive trade practices, civil liability for theft by employee/embezzlement, misappropriation of trade secrets, unjust enrichment, computer trespass, tortious interference with prospective contracts or economic advantage, and piercing the corporate veil.

The case was designated as a complex business case to establish jurisdiction in the North Carolina Business Court. The Business Court required Plaintiff to return certain business records and property belonging to Fenix by order entered 29 November 2023, but the court stayed further proceedings until the outcome of this equitable distribution action. *Roesel v. Roesel*, 2023 NCBC LEXIS 157 (November 29, 2023).

Fenix filed its motion to intervene in the equitable distribution action on 15 March 2024. The motion was heard before the trial court on 16 December 2024. The trial court concluded the "court can classify, value and distribute Fenix between the two existing parties to the action, without ordering Fenix itself to do anything (sell or buy assets, expand or contract advertising, etc[.])" and denied the motion. Fenix appeals.

## II. Jurisdiction

Interlocutory orders are generally not immediately appealable to invoke jurisdiction. *Duquesne Energy, Inc. v. Shiloh Indus. Contractors*, 149 N.C. App. 227, 229, 560 S.E.2d 388, 389 (2002). This Court has held a trial court's denial of a motion

to intervene affects a substantial right. *Anderson v. Seascape at Holden Plantation, LLC*, 232 N.C. App. 2, 7, 753 S.E. 2d 691, 696 (2014); *High Rock Lake Partners, LLC v. N.C. Dep't of Transp.*, 204 N.C. App. 55, 62, 693 S.E. 2d 361 367 (2012). This Court has jurisdiction to review the trial court's ruling on a motion to intervene pursuant to N.C. Gen. Stat. § 7A-27(b)(3)(a) (2023) (an appeal of right lies from an interlocutory order of the superior or district court which "affects a substantial right"). This appeal is properly before us.

## III. Standard of Review

This Court reviews the denial of a motion to intervene *de novo*. *Anderson*, 232 N.C. App. at 8, 753 S.E. 2d at 697. Under *de novo* review, this Court considers "the matter anew and freely substitutes its own judgment for that of the trial court." *Id.* (citation and quotation marks omitted).

## IV. Intervention of Right

Rule 24 of the North Carolina Rules of Civil Procedure addresses both interventions as a matter of right and permissive interventions. N.C. Gen. Stat. § 1A-1, Rule 24 (2023). Fenix asserts it should have been permitted to intervene under subsection (a)(2) of the statute, which provides an applicant with an intervention of right

> [w]hen the applicant claims an interest relating to the property or transaction which is the subject of the action and he is so situated that the disposition of the action may as a practical matter impair or impede his ability to protect

- 4 -

that interest, unless the applicant's interest is adequately represented by existing parties.

N.C. Gen. Stat. §1A-1, Rule 24(a)(2) (2023).

## A. Fenix's Interest

"The prospective intervenor seeking such intervention as a matter of right under Rule 24(a)(2) must show . . . [:] (1) it has a direct and immediate interest relating to the property or transaction[;] (2) denying intervention would result in a practical impairment of the protection of that interest[;] and[,] (3) there is inadequate representation of that interest by existing parties." *Anderson*, 232 N.C. App. at 8, 753 S.E.2d at 697 (quoting *Virmani v. Presbyterian Health Servs. Corp.*, 350 N.C. 449, 458-59, 515 S.E.2d 675, 682 (1999)). Fenix argues it meets these three criteria and the trial court should have permitted it to intervene as a matter of right in the equitable distribution action under Rule 24(a)(2). N.C. Gen. Stat. § 1A-1, Rule 24(a)(2). We disagree.

Fenix asserts Plaintiff used Fenix's records, website, email addresses and industry reputation to form and operate a competing business, placed Fenix in a position of irreparable harm, and Fenix has a direct interest in protecting its assets from further wrongful action by Plaintiff. Even if Plaintiff has caused harm to Fenix by his competing business, Fenix has failed to show how it would be better suited to protect its assets as a party to the equitable distribution litigation between the true owners thereof.

The trial court's function in an equitable distribution action is: "(1) to determine which property is marital property, (2) to calculate the net value of the property, fair market value less encumbrances, and (3) to distribute the property in an equitable manner." *Beightol v. Beightol*, 90 N.C. App. 58, 63, 367 S.E.2d 347, 350 (1988) (citing *Cable v. Cable*, 76 N.C. App. 134, 137, 331 S.E. 2d 765, 767, *disc. rev. denied*, 315 N.C. 182, 337 S.E. 2d 856 (1985)). The trial court found and it is undisputed the ownership of Fenix is marital property and Defendant is the sole shareholder.

The trial court's role is limited to calculating the value of Fenix and distributing it, along with the remainder of the marital estate, among the parties. *Id.* Fenix has failed to show how the valuation and distribution of the company's assets might, as a practical matter, impair or impede its ability to protect its interests. N.C. Gen. Stat. § 1A-1, Rule 24(a)(2) (2023). This argument is overruled.

Fenix also claims an interest in the equitable distribution action, because a distributive award may force it to take action, such as issue shares or transfer assets to Plaintiff. *See Campbell v. Campbell*, 241 N.C. App. 227, 231, 773 S.E.2d 93, 96 (2015) ("[W]here a separate legal entity has not been made a party to an action, the trial court does not have the authority to order that entity to act."). We disagree.

If Fenix is distributed to Plaintiff, it would not be required to issue shares. All of the Fenix shares are the sole individual property of Defendant "not the property of the corporation." *Brown v. Jackson*, 179 N.C. 363, 368, 102 S.E. 739, 742 (1920). Any

distributive award which grants Plaintiff shares in Fenix would require only for Defendant to assign or transfer her shares to Plaintiff. *Id.* Fenix's assets and liabilities, including cash accounts and debts, establish the value of Defendant's shares. When the trial court distributes those shares, it will do so by "using [their] net value." N.C. Gen. Stat. § 50-20(c) (2023). The shares are Defendant's personal property, in which Fenix has no interest, and of which the court found it "can classify, value and distribute" as it would any other personal property of the parties. *See Brown,* 179 N.C. at 368, 102 S.E. at 742.

Fenix cites this Court's decisions in *Campbell,* 241 N.C. App. 227, 773 S.E.2d 93 and *Geoghagan v. Geoghagan*, 254 N.C. App. 247, 803 S.E.2d 172 (2017) to support its argument. In both cases, this Court opined a closely held business was a necessary party, requiring the trial court to include the business in the equitable distribution proceeding. In *Campbell*, the Court determined the LLC at issue was a necessary party because the trial court had directed and ordered it to distribute $350,000 cash to one of the former spouses. 241 N.C. App. at 239-30, 773 S.E.2d at 95. The Court held "[b]ecause [the LLC] was not made a party to the present action, the trial court did not have the authority to exercise control over [it]" and vacated the preliminary injunction order. *Id.* at 232, 773 S.E.2d at 96.

Likewise, in *Geoghagan*, this Court determined the corporation at issue and its subsidiaries were necessary parties because the equitable distribution order had prohibited it from paying one of the former spouses his regular salary. 254 N.C. App.

at 251, 803 S.E.2d at 176. In both cases, and unlike the case before us, the entities being joined was necessary because the trial court's distributive award ordered them to take, or to refrain from taking, action as an entity. Fenix has not demonstrated the reasonable likelihood of a scenario where the court would require authority over it, and to compel intervention as a party, in order, as the trial court found, for it to "classify, value and distribute" the marital estate between the parties. *Brown*, 179 N.C. at 368, 102 S.E.2d at 742.

### b. Adequate Representation

A proposed intervenor must also show there is an inadequate representation of its interest by the existing parties. *Anderson*, 232 N.C. App. at 8, 753 S.E.2d at 697. When the party seeking intervention has the same ultimate objective as a party to the suit, a presumption arises its interests are adequately represented, against which the petitioner must demonstrate an adversity of interest, collusion, or nonfeasance. *Virginia v. Westinghouse Elec. Corp.*, 542 F.2d 214, 216 (4th Cir. 1976) (citing *Ordnance Container Corp. v. Sperry Rand Corp.*, 478 F.2d 844, 845 (5th Cir. 1973)).

While Fenix has not succinctly identified its ultimate objective in the outcome of the case, it appears from the record and claims against Plaintiff are to preserve and protect its business. Fenix has produced nothing tending to show its interests are adverse to Defendant, or any collusion or nonfeasance exists. *Id.* Fenix's sole shareholder is a party to the equitable distribution proceeding and Fenix was also

represented before the trial court by her counsel. Presuming Fenix had shown a direct and immediate interest in the action, it failed to meet its burden to overcome the presumption its interests are adequately represented by Defendant. *Id.*

## V. Conclusion

The trial court properly concluded Fenix has not demonstrated and does not have an intervention of right under Rule 24. N.C. Gen. Stat. § 1A-1, Rule 24. We affirm the trial court's order denying Fenix's motion to intervene in the equitable distribution action between Plaintiff and Defendant. *It is so ordered*.

AFFIRMED.

Chief Judge DILLON and Judge CARPENTER concur.