**NICHOLSON v. F. HOFFMANN-LaROCHE, LTD.**

[156 N.C. App. 206 (2003)]

NEW TRIAL

Judges MARTIN and HUDSON concur.

---

TINA L. NICHOLSON, MICHAEL ARMSTRONG, AND MERRILL J. FOWLER, ON BEHALF OF THEMSELVES AND ALL OTHERS SIMILARLY SITUATED IN NORTH CAROLINA, PLAINTIFFS v. F. HOFFMANN-LaROCHE, LTD., ET AL. DEFENDANTS AND STATE OF NORTH CAROLINA, EX REL. ROY COOPER, ATTORNEY GENERAL, PLAINTIFF v. F. HOFFMANN-LaROCHE, INC., ET AL., DEFENDANTS

No. COA02-247

(Filed 18 February 2003)

**Appeal and Error— appealability—interlocutory order—denial of motion to intervene**

Appellant's appeal from the denial of his motion to intervene in a class action against major manufacturers of various vitamin products based upon alleged price fixing and market allocation conspiracy is dismissed as an appeal from an interlocutory order, because: (1) the trial court's order denying defendant's motion to intervene does not determine the entire controversy among all parties; and (2) no substantial right is affected when appellant, upon objecting in a timely manner at the fairness hearing to the approval of the settlement, would have the right to appeal without intervening in this action.

Appeal by Bill Beaver from order entered 10 September 2001 by Judge Shirley L. Fulton, Superior Court, Mecklenburg County. Heard in the Court of Appeals 7 January 2003.

*Stubbs & Perdue, P.A., by Jason Hendren and Michael Malone and Law Offices of George A. Barton, P.C., by George A. Barton, for appellant.*

*Helms, Mullis & Wicker, PLLC, by William C. Mayberry, Peter J. Covington, and Jason Evans and Mayer, Brown, Rowe & Maw, by Mary K. Mandeville, for defendant-appellees.*

NICHOLSON v. F. HOFFMANN-LaROCHE, LTD.

[156 N.C. App. 206 (2003)]

*James F. Wyatt, III and Straus & Boies, LLP, by David Boies, Timothy Battin, Ian Otto, and Michael Straus, for plaintiffs-appellees.*

*Attorney General Roy Cooper, by Assistant Attorney General K. D. Sturgis, for the State of North Carolina-appellees.*

WYNN, Judge.

Bill Beaver, appellant, contends the trial court erred in denying his motion to intervene. Because appellant's appeal is interlocutory, we hereby dismiss his appeal.

On 5 March 1999, Tina Nicholson, a North Carolina resident and a consumer of various vitamin products, filed a class action case against the major manufacturers of those vitamin products, based upon an alleged price fixing and market allocation conspiracy that occurred during the 1990s.[1] The complaint requested treble damages based on the defendants' alleged violations of the North Carolina antitrust laws, N.C. Gen. Stat. § 75-1 *et seq.*, on behalf of herself and all similarly situated consumers in North Carolina.[2] Shortly afterwards, the parties agreed to a stay of the trial court proceedings pending the outcome of settlement discussions.

On 10 October 2000, Class Counsel, along with the State Attorneys General, entered into a Master Settlement Agreement with seven Defendants. The Master Settlement Agreement provided for a recovery of more than $187 million for the benefit of indirect purchasers of vitamins. Under the terms of the settlement, class members were divided into two separate subclasses, consisting of a commercial settlement class and a consumer settlement class. The members of the North Carolina Commercial Class would be eligible to file claims against a multistate claim fund, while members of the North Carolina consumer class would benefit from two *cy pres* distributions. The first, a $7,584,000 payment, would be distributed to nonprofit corporations, charitable organizations and/or political subdivisions of North Carolina for the express purpose of improving the health and nutrition of North Carolina citizens or the advancement of nutritional and dietary science in the State. The second, a $705,000

---

1. The lawsuit was filed in coordination with more than twenty-two class actions filed in other states and the District of Columbia on behalf of indirect purchasers of vitamins.

2. On 14 June 2001 the State of North Carolina was allowed to intervene as a plaintiff on behalf of governmental purchasers and as *parens patriae.*

payment, would be distributed by the North Carolina Attorney General's Office for the benefit of injured consumers and/or injured commercial purchasers (the State Economic Impact Fund).

On 30 May 2001, plaintiffs requested the trial court grant preliminary approval of the proposed settlement. The trial court granted preliminary approval on 14 June 2001. Appellant moved to intervene on 17 July 2001 for the purposes of (1) objecting to the proposed consumer class settlement; and (2) acting as the named representative of the North Carolina Consumer Class with his counsel. The trial court denied appellant's motion on 10 September 2001; he appealed.

The trial court's order denying appellant's motion to intervene is interlocutory because it has not determined the entire controversy among all parties. See Alford v. Davis, 131 N.C. App. 214, 216, 505 S.E.2d 917, 919 (1998). "Although interlocutory orders are generally not immediately appealable, immediate appellate review may be granted where the order adversely affects a substantial right which appellant may lose if an appeal is not granted." Id., N.C. Gen. Stat. § 1-277; 7A-27(d) (2001). Appellant argues a substantial right is affected because he contends "an objecting class member does not have standing to appeal from a trial court order granting final approval to a class settlement unless that class member has been permitted to intervene in the class action proceeding."

Whether an objecting class member has standing to appeal from a trial court order granting final approval to a class settlement without having first intervened into the class action has not been decided in North Carolina. "As this specific issue has not been decided by our State's appellate courts, we consider decisions from other jurisdictions. In that Rule 24 of the North Carolina Rules of Civil Procedure is virtually identical to Rule 24 of the Federal Rules of Civil Procedure, we appropriately look to the federal court decisions for guidance." Harvey Fertilizer and Gas Co. v. Pitt Cty., —— N.C. App. ——, 568 S.E.2d 923, 927 (2002). The United States Supreme Court, in its interpretation of Fed. R. Civ. P. 23(b) & 24, recently held "nonnamed class members who have objected in a timely manner to approval of the settlement at the fairness hearing have the power to bring an appeal without first intervening." Devlin v. Scardelletti, 122 S.Ct. 2005, 2013 (2002). We are guided by Scardelletti in holding that likewise, appellant, upon objecting in a timely manner at the fairness hearing to the approval of the settlement, would have the right to appeal without intervening in this

action. Accordingly, since there is no substantial right affected, we dismiss appellant's appeal as interlocutory.

Dismissed.

Judges BRYANT and GEER concur.