NO. COA13-799

NORTH CAROLINA COURT OF APPEALS

Filed: 21 January 2014

JOHN WILTON ANDERSON, SR., Trustee
for the JOHN WILTON ANDERSON, SR.
REVOCABLE TRUST Dated May 1990;
ROBERT D. ANDERSON and wife,
PATRICIA A. ANDERSON; AL ARTALE and
wife, DEBBIE ARTALE; BALD EAGLE
VENTURES, LLC, a Delaware limited
liability company; ROBERT W.
BARBOUR and wife, KATHERINE G.
BARBOUR; DOUGLAS R. BARR and wife,
KAREN W. BARR; DANIEL T. BARTELL
and wife, BARBARA J. BARTELL;
MITCHELL W. BECKER; GEORGE D.
BEECHAM and wife, JACQUELINE J.
BEECHAM; KAREN H. BEIGER; GARY E.
BLAIR and wife, KATHLEEN P. BLAIR;
ANN M. BOILEAU and husband, PAUL
BOILEAU; GERARD C. BRADLEY and
wife, SUSAN M. BRADLEY; ROBERT
WILLIAM BRICKER and wife, PATRICIA
ANNE BRICKER; TOBY J. BRONSTEIN;
JAMES W. BURNS and wife, CAROL J.
BURNS; JOHN T. BUTLER; JOSEPH R.
CAPKA and wife, SUSAN J. CAPKA.;
JOSEPH S. CAPOBIANCO and wife,         Brunswick County
BARBARA K. CAPOBIANCO; ISAAC H.       No. 12 CVS 2063
CHAPPELL and JEAN M. HANEY as Co-
Trustees of the ISAAC H. CHAPPELL
TRUST dated October 10, 2000;
KENNETH A. CLAGETT and wife, MARY
ELLEN CLAGETT; EDWARD EARL CLAY and
wife, CHARLENE HOUGH CLAY; GARY E.
COLEMAN and wife, HOLLY H. COLEMAN;
WALTER N. COLEY and wife, CARROLL
M. COLEY; HARRY W. CONE and wife,
ELENORE W. CONE; MAURICE C.
CONNOLLY and wife, MADELINE S.
CONNOLLY; JERRY W. CRIDER and wife,
BELINDA W. CRIDER; RICHARD S.
CROMLISH, JR. and wife, SANDRA K.

CROMLISH; LAURA DEATKINE and husband, MICHAEL J. WARMACK; NORVELL B. DEATKINE and wife, THERESA M. DEATKINE; ROBERT E. DEMERS and wife, DONNA L. FOOTE; JAN S. DENEROFF and KAREN GILL DENEROFF, as Co-Trustees of the DENEROFF FAMILY TRUST dated November 2, 2006; PAUL A. DENETT and wife, LUCY Q. DENETT; JEROME V. DIEKEMPER and wife, KAREN M. DIEKEMPER; MARK W. DORSET and wife, DEBORAH M. DORSET; MICHAEL R. DuPRE, SR. and wife, MOLLY H. DuPRE; DONALD D. EDWARDS and BETTY M. EDWARDS as Trustees of the EDWARDS FAMILY TRUST dated December 21, 1992; TROY D. ELLINGTON and wife, BETTY S. ELLINGTON; PETER W. FASTNACHT and wife, CAROLE ANN FASTNACHT; RICK D. FAUTEUX and wife, BRENDA S. FAUTEUX; WILLIAM H. FOERTSCH and wife, PAMELA G. FOERTSCH; LOUIS J. FRATTO, JR. and wife, EILEEN M. FRATTO; ROBERT A. FUNK and wife, BEATRIZ B. FUNK; ROBERT A. MINK and wife, BEATRIZ B. FUNK, as Trustees of the FUNK LIVING TRUST dated March 22, 1999; JOLANTA T. GAL; JOSEPH GARBARINO and wife, BETTY GARBARINO; ROBERT J. GETTTNGS and wife, KATHERINE ANNE GETTINGS; TIM GIBBLE and wife, SUSAN GIBBLE; ROCKLIN E. GMEINER, JR. and MARSHA A. GMEINER, Trustees under THE GMEINER FAMILY TRUST, dated August 21, 2008; HARRY J. GRAHAM and wife, MARYANNE S. GRAHAM; RICHARD A. GRANO and wife, ANGELA M. GRANO; RODNEY LAVERNE GROW and wife, JO ELAINE GROW; RONALD E. GUAY and wife, DORIS M. GUAY; LEON J. HARRISON and wife, MARGARET A. HARRISON; GLEN A.

HATZAI and wife, BARBARA A. HATZAI; KJELL HESTVEDT and wife, ANNE T. HESTVEDT; LARRY H. HITES and wife, KARI F. HITES; DENNIS E. HOFFACKER and SUE E. HOFFACKER as Trustees of the SUE E. HOFFACKER REVOCABLE LIVING TRUST dated February 9, 1998; JOHN E. HOWARD and wife, MARYE C. HOWARD; JAMES S. HUTCHISON and wife, PAMELA E. HUTCHISON; CHARLES L. INGRAM and wife, RHONDA M. INGRAM; THOMAS M. INMAN and wife, DIANE M. INMAN; WILLIAM R. JONAS and wife, DIAN M. JONAS; MICHAEL G. KIDD and wife, VIRGINIA G. KIDD; H. WILLIAM KUCHLER and wife, PATRICIA A. KUCHLER; SCOTT C. LEE and wife, CYNTHIA A. LEE; PETER J. LEWIS and wife, JANET L. LEWIS; JAMES R. LITTLE and wife, BONITA S. LITTLE; PATRICK M. LOONAM and wife, PATRICIA E. LOONAM; DONALD G. LUFF and wife, JUDITH A. LUFF; MARK E. MAINARDI and FRANCES B. MAINARDI, as Trustees of the MAINARDI LIVING TRUST dated January 23, 1997; ANTHONY MARGLIANO and wife, ERIN MARGLIANO; JOSEPH E. McDERMOTT and wife, MARY M. McDERMOTT; JOHN O. McELROY and wife, KETHLEEN A. McELROY; GEORGE J. McQUILLEN and wife, BARBARA J. McQUILLEN; STEVEN J. MEADOW and BRENDA K. MEADOW, trustees of the MEADOW REVOCABLE TRUST dated January 12, 2010; GEORGE EDWARD MERTENS, III and wife, NANCY MERTENS; MICHAEL A. MICKIEWICZ, Trustee of the MICHAEL A. MICKIEWICZ TRUST dated April 21, 2011; JACQUELINE A. MICKIEWICZ, Trustee of the JACQUELINE A. MICKIEWICZ TRUST dated April 21, 2011; TERRY LEE MILLER and wife, JOAN C. MILLER; TERRY STEPHEN

MOLNAR; MARIAN E. CARLUCCI; MICHAEL R. MONETTI and wife, IRENE A. MONETTI; MIMA S. NEDELCOVYCH and wife, SALLY NEDELCOVYCH; WILLIAM W. NIGHTINGALE and wife, BONNIE NIGHTINGALE; KEITH OKOLICHANY and wife, LINDA A. OKOLICHANY; RICHARD L. PASTORIUS and wife, BONNIE L. PASTORIUS; JOHN J. PATRONE and wife, LINDA D. PATRONE; LOUIS M. PACELLI and wife, MARLEEN S. PACELLI; LAURENCE F. PIAZZA and wife, CHERYL ANN PIAZZA; JACK L. RAIDIGER and wife, JUDY K. RAIDIGER; FRANK RINALDI and wife, ROSEMARIE RINALDI; TIMOTHY T. ROSEBERRY and wife, SUZANNE ROSEBERRY; EILEEN ROSENFELD and ROBERT W. ROSENFELD, as Trustees under the EILEEN ROSENFELD LIVING TRUST dated August 9, 2000; GEORGE M. SAVELL and wife, MARIA VIOLET SAVELL; DENNIS J. SCHARF and wife, CHERYL H. SCHARF; FRANCIS G. SCHAROUN and wife, DEBORAH M. SCHAROUN; ROBERT L. SCHORR; JOHN FRANCIS SEELY and wife, JANET CAVE SEELY; ERNEST J. SEWELL and wife, ROWENA P. SEWELL; WILLIAM M. SHOOK and wife, SUSAN M. SHOOK; CRAIG A. SKAJA and wife, CHRISTINE C. SKAJA; CHARLES M. SMITH and wife, LOIS S. SMITH; HELGA SMITH; THOMAS W. SMITH and wife, MARTHA B. SMITH; ALAN H. SPIRO and wife, RHONDA B. SPIRO; KENNETH STEEPLES and wife, EILEEN P. STEEPLES; RICHARD L. STEINBERG and wife, BARBARA J. STEINBERG; THOMAS STURGILL and wife, LINDA STURGILL; SCOTT SULLIVAN and wife, LORETTA F. SULLIVAN; JOHN M. SWOBODA as Trustee of the JOHN M. SWOBODA REVOCABLE LIVING TRUST dated November 29, 2002; CAROL L.

SWOBODA as Trustee of the CAROL L. SWOBODA REVOCABLE LIVING TRUST dated October 28, 2002; ROBERT C. THERRIEN and wife, JANE A. THERRIEN; HARVEY L. THOMPSON and wife, ROSALYN THOMPSON; PAULINE TOMPKINS; DERRAIL TURNER and wife, PANSEY TURNER; WILLIAM E. WILKINSON and wife, BETTY R. WILKINSON; JAMES M. WILLIAMS and wife, PATRICIA E. WILLIAMS; THOMAS P. WOLFE and wife, JULIA T. WOLFE; JAMES J. YORIO and wife, DEBORAH L. YORIO; JOSEPH ZALMAN and wife, VALERIE ZALMAN; EUGENE E. ZIELINSKI and wife, REBECCA R. ZIELINSKI,

 Plaintiffs,

  v.

SEASCAPE AT HOLDEN PLANTATION, LLC, a North Carolina limited liability company, f/k/a SEASCAPE AT HOLDEN PLANTATION, INC.; THE COASTAL COMPANIES, LLC, a North Carolina limited liability company, d/b/a MARK SAUNDERS LUXURY HOMES; EASTERN CAROLINAS' CONSTRUCTION & DEVELOPMENT LLC, a North Carolina limited liability company, f/k/a EASTERN CAROLINAS' CONSTRUCTION & DEVELOPMENT CORPORATION; COASTAL CONSTRUCTION OF EASTERN NC, LLC, a North Carolina limited liability company, f/k/a COASTAL DEVELOPMENT & REALTY BUILDER, INC.; MAS PROPERTIES, LLC, a North Carolina limited liability company; MARK A. SAUNDERS, CAPE FEAR ENGINEERING, INC., a North Carolina corporation; EXECUTIVE BOARD OF SEASCAPE AT HOLDEN PLANTATION PROPERTY OWNERS ASSOCIATION, INC.; ERIC JOHNSON; CURT BOLDEN; HELEN STEAD; TONY

BRADFORD CHEERS; CARROLL LIPSCOMBE; SEAN D. SCANLON; DANIEL H. WEEKS; RICHARD GENOVA; SUSAN LAWING; DEAN SATRAPE; GRACE WRIGLEY; BRUNSWICK COUNTY; BRUNSWICK COUNTY INSPECTION DEPARTMENT; ELMER DELANEY AYCOCK; HAROLD DOUGLAS MORRISON; ANTHONY SION WICKER; DAVID MEACHAM STANLEY,
    Defendants.

Appeal by Intervenor SeaScape at Holden Plantation Property Owners Association, Inc. from Order entered 24 January 2013 by Judge Thomas H. Lock in Superior Court, Brunswick County. Heard in the Court of Appeals 19 November 2013.

> *Whitfield Bryson & Mason, LLP, by Daniel K. Bryson, for plaintiffs-appellees.*
>
> *Young Moore and Henderson, P.A., by Robert C. deRosset, and Graebe Hanna & Sullivan, PLLC, by Christopher T. Graebe, for defendants Mark A. Saunders and MAS Properties, LLC.*
>
> *Hamlet & Associates, PLLC, by H. Mark Hamlet, for Coastal Construction of Eastern NC, LLC.*
>
> *Wall Templeton & Haldrup, PA, by Mark Langdon, for Seascape at Holden Plantation LLC, The Coastal Companies LLC, Eastern Carolinas Construction and Development LLC.*
>
> *Cranfill Sumner & Hartzog, LLP, by Patrick Mincey, for Cape Fear Engineering, Inc.*
>
> *Teague Campbell Dennis & Gorham, LLP, by Henry W. Gorham, for Elmer Delany Aycock, Harold Douglas Morrison, Anthony Sion Wicker, and David Meacham Stanley.*
>
> *Chestnutt, Clemmons & Peacock, P.A., by Gary H. Clemmons, for defendants Eric Johnson, Curt Bolden, Tony Bradford Cheers,*

*Carroll Lipscombe, Grace Wrigley, Helen Stead, Susan Lawing, Dan Weeks, Richard Genova, Dean Satrape, Sean D. Scanlon, and The Executive Board of Seascape at Holden Plantation Property Owners Association, Inc.*

*Ward and Smith, P.A., by Ryal W. Tayloe and Allen N. Trask, III, for Intervenor-Appellant Seascape at Holden Plantation Property Owners Association, Inc.*

STROUD, Judge.

The SeaScape at Holden Plantation Property Owners Association, Inc. appeals from an order entered 24 January 2013 denying its motion to intervene. We reverse and remand.

## I.    Background

This action concerns a planned community in Brunswick County called SeaScape at Holden Plantation ("SeaScape Community"). The SeaScape Community was developed by SeaScape at Holden Plantation, LLC ("SeaScape LLC"), and its member-manager, Mark Saunders, both defendants here. Plaintiffs claim that the SeaScape Community "derives much of its value from the substantial common elements available for the owners' use, including a marina, a clubhouse, and ponds and natural areas throughout the property." Plaintiffs' claims arise from the construction of some of these common areas, including a marina and two ponds as well as the "failure to construct promised amenities, including without limitation, tennis courts, walking and biking trails, harbormaster house,

intracoastal pier with gazebo, and observation towers" and failure to properly construct and maintain roadways and drainage. The developer had some of these common areas constructed and then conveyed them to the SeaScape Property Owners' Association, Inc. (POA), a non-profit corporation. Plaintiffs are property owners within the SeaScape Community and members of the POA. Under the POA's articles of incorporation, the developer has the unilateral authority to appoint and remove members of the POA Board of Directors.

On 5 October 2012, plaintiffs filed a verified complaint, motion for temporary restraining order, and motion for preliminary injunction. This initial complaint listed the POA as a defendant. The complaint alleged that two of the common ponds, the marina, and some of the roads had various construction defects resulting in excessive repair costs and diminution of property value, among other damages. Plaintiffs have alleged that the common areas at issue were defectively constructed by several LLCs operated by Mr. Saunders.

The complaint raised claims for breach of contract, breach of implied warranties, unfair and deceptive business practices, and constructive fraud against SeaScape LLC and the construction LLCs allegedly operated by Mr. Saunders, as well as piercing the

corporate veil to impose liability on Mr. Saunders individually. Plaintiffs also alleged breach of fiduciary duty, negligence, unfair and deceptive business practices against Mr. Saunders individually. The complaint also raised negligence and breach of contract claims against Cape Fear Engineering, Inc. for its designs of several common elements. Plaintiffs further claimed that the POA Board of Directors and the individual board members had breached their fiduciary duties to plaintiffs and engaged in a civil conspiracy with the developer. Finally, plaintiffs claimed that Brunswick County and several individual inspectors were negligent in their inspections, had engaged in a civil conspiracy with the developer, and acted in a manner that constituted unfair and deceptive business practices.

Before the POA filed an answer, plaintiffs filed an amended complaint on 26 October 2012, which included essentially the same claims but did not include the POA as a defendant. On 27 November 2012, the POA filed a motion to intervene "as a party Plaintiff." It claimed that it was the owner of the property that plaintiffs have alleged was defectively constructed. It contended that some of the interests asserted by plaintiffs were actually interests owned by the POA. It attached a draft complaint, largely copying plaintiffs' claims against the developer, the construction

companies, Cape Fear, and the Brunswick County defendants. The superior court denied the POA's motion to intervene by order entered 24 January 2013. The POA filed written notice of appeal to this Court on 13 February 2013.

## II. Appellate Jurisdiction

We must first address the issue of appellate jurisdiction. We conclude that the appeal is interlocutory, but that the appealed order affects a substantial right and is therefore immediately appealable. Further, we deny plaintiffs' motion to dismiss the appeal for lack of subject matter jurisdiction.

The trial court's order denying the POA's motion to intervene is interlocutory, as it does not dispose of the entire case. *See High Rock Lake Partners, LLC v. North Carolina Dept. of Transp.*, 204 N.C. App. 55, 60, 693 S.E.2d 361, 366 ("An interlocutory order is one made during the pendency of an action which does not dispose of the case, but leaves it for further action by the trial court in order to settle and determine the entire controversy." (citation, quotation marks, and ellipses omitted)), *disc. rev. denied*, 364 N.C. 325, 700 S.E.2d 753 (2010). "Normally, interlocutory orders are not immediately appealable." *Highland Paving Co., LLC v. First Bank*, ___ N.C. App. ___, ___, 742 S.E.2d 287, 290 (2013) (citation omitted). Nevertheless,

> an interlocutory order may be immediately appealed (1) if the order is final as to some but not all of the claims or parties and the trial court certifies there is no just reason to delay the appeal pursuant to N.C. R. Civ. P. 54(b) or (2) if the trial court's decision deprives the appellant of a substantial right which would be lost absent immediate review.

*Stinchcomb v. Presbyterian Medical Care Corp.*, 211 N.C. App. 556, 560, 710 S.E.2d 320, 323, *disc. rev. denied*, 365 N.C. 338, 717 S.E.2d 376 (2011).

The POA argues that the trial court's denial of its motion to intervene affects a substantial right. "Whether a party may appeal an interlocutory order pursuant to the substantial right exception is determined by a two-step test. The right itself must be substantial and the deprivation of that substantial right must potentially work injury to [appellant] if not corrected before appeal from final judgment." *Wood v. McDonald's Corp.*, 166 N.C. App. 48, 55, 603 S.E.2d 539, 544 (2004) (citations, quotation marks, and brackets omitted).

Under the facts presented here, we conclude that the trial court's order affects a substantial right of the POA. *Cf. United Services Auto. Ass'n v. Simpson*, 126 N.C. App. 393, 395, 485 S.E.2d 337, 339 (concluding that an order denying the appellants' motion to intervene affected a substantial right), *disc. rev. denied*, 347 N.C. 141, 492 S.E.2d 37 (1997); *Alford v. Davis*, 131 N.C. App.

214, 216, 505 S.E.2d 917, 919 (1998) (concluding that the denial of a motion to intervene affected a substantial right). This action concerns property owned by the POA. To the extent that the parties contend that there are derivative claims at issue, they were derivative of rights possessed by the POA. Unless it is brought into the action, the POA would lose its ability to challenge plaintiffs' standing to bring an action on its behalf, which is a major issue in contention here. *See Swenson v. Thibaut*, 39 N.C. App. 77, 100, 250 S.E.2d 279, 294 (1978) (observing that "certain defenses which are properly asserted before trial on the merits of the action are peculiar to the corporation alone, and may be properly raised *only* by the nominal defendant who, for purposes of those matters, ceases to be a nominal defendant and becomes an actual party defendant."), *app. dismissed and disc. rev. denied*, 296 N.C. 740, 740, 254 S.E.2d 181, 181-83 (1979). We conclude that the order denying the POA's motion to intervene affects a substantial right and is immediately appealable.

Plaintiffs have also filed a motion to dismiss the appeal for lack of subject matter jurisdiction on the basis that the POA lacks authority, and therefore standing, to pursue the appeal. This argument is misplaced. The only action currently pending and the action into which the POA moved to intervene is that filed by

plaintiffs. The parties stipulated that the trial court had subject matter jurisdiction over the present action—the action filed by plaintiffs—and we see no reason to conclude otherwise. Therefore, we deny plaintiffs' motion to dismiss the appeal.

### III. Motion to Intervene

The POA argues that the trial court erred in denying its motion to intervene because it had a right to intervene under N.C. Gen. Stat. § 1A-1, Rule 24(a) (2011), and, alternatively, the trial court abused its discretion in denying the POA's motion to intervene permissively under Rule 24(b). We hold that the POA had a right to intervene as a necessary party under Rule 24(a)(2). Because we conclude that the POA has a right to intervene under Rule 24 (a)(2), we do not address the issue of a statutory right to intervene or permissive intervention.

A.   Standard of Review

"We review *de novo* the trial court's decision denying intervention under Rule 24(a)(2)." *Charles Schwab & Co., Inc. v. McEntee*, ___ N.C. App. ___, ___, 739 S.E.2d 863, 867 (2013) (citation omitted). "Under a *de novo* review, [this] [C]ourt considers the matter anew and freely substitutes its own judgment for that of the trial court." *Johns v. Welker*, ___ N.C. App. ___,

___, 744 S.E.2d 486, 488 (2013) (citation, quotation marks, and brackets omitted).

B.  Analysis

"Rule 24 of the North Carolina Rules of Civil Procedure determines when a third party may intervene as of right or permissively." *Virmani v. Presbyterian Health Services Corp.*, 350 N.C. 449, 458, 515 S.E.2d 675, 682 (1999), *cert. denied*, 529 U.S. 1033, 146 L.Ed. 2d 337 (2000).  Under Rule 24, a person has a right to intervene in two circumstances:

> (1) When a statute confers an unconditional right to intervene; or (2) When the applicant claims an interest relating to the property or transaction which is the subject of the action and he is so situated that the disposition of the action may as a practical matter impair or impede his ability to protect that interest, unless the applicant's interest is adequately represented by existing parties.

N.C. Gen. Stat. § 1A-1, Rule 24(a) (2011).

"The prospective intervenor seeking such intervention as a matter of right under Rule 24(a)(2) must show that (1) it has a direct and immediate interest relating to the property or transaction, (2) denying intervention would result in a practical impairment of the protection of that interest, and (3) there is inadequate representation of that interest by existing parties." *Virmani*, 350 N.C. at 459, 515 S.E.2d at 683.

> When a complete determination of the controversy cannot be made without the presence of a party, the court must cause it to be brought in because such party is a necessary party and *has an absolute right to intervene in a pending action*. Hence, refusal to permit a necessary party to intervene is error.

*Strickland v. Hughes*, 273 N.C. 481, 485, 160 S.E.2d 313, 316 (1968) (emphasis added). Our Supreme Court held under the prior N.C. Gen. Stat. § 1-73 that a trial court erred in denying the owner of property at issue, a necessary party, the opportunity to participate. *Griffin & Vose v. Non-Metallic Minerals Corp.*, 225 N.C. 434, 436, 35 S.E.2d 247, 249 (1945).[1] Moreover, to the extent that plaintiffs' claims are derivative, the POA is a necessary party because the derivative claims are brought in its name. *Swenson*, 39 N.C. App. at 98, 250 S.E.2d at 293.

"A necessary party is one who is so vitally interested in the controversy that a valid judgment cannot be rendered in the action completely and finally determining the controversy without his presence." *Moore Printing, Inc. v. Automated Print Solutions, LLC*, ___ N.C. App. ___, ___, 718 S.E.2d 167, 172 (2011). The POA

---

[1] Both of these cases were decided before the Rules of Civil Procedure came into effect. However, our Supreme Court has noted that "[t]he rules of intervention as set out in N.C.G.S. § 1A-1 make no substantive change in the rules as previously set out in N.C.G.S. § 1-73." *River Birch Associates v. City of Raleigh*, 326 N.C. 100, 128 n.10, 388 S.E.2d 538, 554 n.10 (1990).

is the owner of the property that plaintiffs have alleged was defectively constructed and is in need of repair. Plaintiffs have specifically requested an injunction prohibiting the POA from expending its funds to repair the marina, as plaintiffs assert that the other defendants should be held responsible for these expenses. Plaintiffs assert that several of their claims are derivative claims brought on behalf of the POA. No valid judgment can be entered without the participation of the POA. *See Karner v. Roy White Flowers, Inc.*, 351 N.C. 433, 440, 527 S.E.2d 40, 44 (2000) (concluding that "[a]n adjudication that extinguishes property rights without giving the property owner an opportunity to be heard cannot yield a "valid judgment."); *Swenson*, 39 N.C. App. at 98, 250 S.E.2d at 293. Therefore, regardless of whether plaintiffs' claims are derivative or individual, valid or inadequate, as a necessary party, the POA has a right to intervene under Rule 24. *See Virmani*, 350 N.C. at 459, 515 S.E.2d at 683; *Strickland*, 273 N.C. at 485, 160 S.E.2d at 316; *Swenson*, 39 N.C. App. at 98, 250 S.E.2d at 293.

We also note that the parties all seem to assume in their briefs that the plaintiffs' claims at issue are derivative claims brought on behalf of the POA. The only issue which the trial court has ruled upon and which is raised by this appeal is the POA's

right to intervene, and we have addressed only that issue. We express no opinion on the legal sufficiency of plaintiff's claims or of the POA's complaint, the assertion that the claims are actually derivative and pled as such, or the POA's argument that derivative claims were not properly brought. These other legal issues and the proper role of the POA in the action may be addressed by the trial court on remand if and when they are raised by the parties.

## IV. Conclusion

For the foregoing reasons, we hold that the POA is entitled to intervene as a matter of right under Rule 24. Therefore, we reverse the trial court's order denying the POA's motion to intervene and remand for further proceedings.

REVERSED and REMANDED.

Judges MCGEE and BRYANT concur.