DAVIS, Judge.
 

 This appeal arises from a divorce judgment that incorrectly listed the name of the couple's son instead of the name of the husband. Because of this error, the divorce judgment was set aside fifteen years later. Bryon A. Long, Nyesha H. Riddick, and Darvin A. Felton (collectively "Movants")-who are all children of the husband-subsequently sought to intervene in the proceedings and have the order setting aside the divorce judgment vacated. Movants appeal from the trial court's 17 November 2015 order denying their motion to intervene. After careful review, we vacate the order in part and remand for further proceedings.
 

 Factual Background
 

 Florence Bailey Hinton ("Mrs. Hinton") and Willie George Hinton, Sr. ("Mr. Hinton") were married in August 1974, and two children were born of the marriage: Raronzee J. Hinton and Willie George Hinton, II ("Willie"). The couple separated in August 1998, and Mrs. Hinton filed a complaint for divorce in Martin County District Court on 12 April 2000. In the caption of the complaint and on the accompanying summons, the name of the defendant was incorrectly listed as "Willie George Hinton, II." In the body of the complaint, Mrs. Hinton alleged that "Plaintiff and Defendant were married" and requested "that the bonds of matrimony heretofore existing between the parties be dissolved and the Plaintiff be granted an absolute divorce from the Defendant."
 

 On 18 April 2000, Mr. Hinton received a copy of the summons and complaint, and on 25 April 2000, he filed an answer to the complaint. In the caption to his answer, Mr. Hinton listed his correct name: "Willie George Hinton, Sr." His answer admitted all of the allegations contained in Mrs. Hinton's complaint. The court issued a divorce judgment (the "Divorce Judgment") on 12 May 2000 that contained the incorrect name "Winton George Hinton, II"
 
 [1]
 
 as the defendant.
 

 Mr. Hinton died intestate on 17 May 2015 after spending three weeks in the hospital. Although he never remarried, Mr. Hinton fathered three children outside of his marriage to Mrs. Hinton-Bryon A. Long, Nyesha H. Riddick, and Darvin A. Felton, who are the movants in this action. On 6 May
 
 *204
 
 2015, prior to Mr. Hinton's death but after he entered the hospital, Mrs. Hinton filed a motion (1) to set aside the Divorce Judgment pursuant to Rule 60(b)(4) of the North Carolina Rules of Civil Procedure, asserting that it was void on its face due to impossibility in that it purported to have granted her a divorce from her
 
 son
 
 rather than from her husband; and (2) in the alternative, to correct the defendant's name on the Divorce Judgment pursuant to Rule 60(b)(1). On 29 May 2015, after Mr. Hinton's death, Mrs. Hinton amended her motion to delete the request to correct the error, leaving only the motion to set aside the Divorce Judgment.
 

 On 4 June 2015, a hearing was held before the Honorable Darrell B. Cayton, Jr. to determine whether the Divorce Judgment should be set aside. On 9 June 2015, the trial court entered an order, stating as follows:
 

 1. The parties had proper notice of this hearing and are properly before this Court.
 

 2. [Mrs. Hinton] through her former counsel intended to file an absolute divorce action from her husband, Willie George Hinton, Sr., however a Civil Summons and Complaint for Absolute Divorce was ultimately filed and served upon Defendant Willie George Hinton II. This Court entered a divorce judgment based upon one year's separation from Willie George Hinton II on May 12, 2000.
 

 2. [sic] [Mrs. Hinton's] lawful husband, Willie George Hinton, Sr., filed an answer in this action. Willie George Hinton, Sr., was not at the time of filing and has never been made a proper party to this action.
 

 3. Defendant Willie George Hinton II was not married to [Mrs. Hinton] but rather is the (now adult) child of [Mrs. Hinton] and Willie George Hinton, Sr., born of the marriage between [Mrs. Hinton] and Willie George Hinton, Sr.
 

 4. Neither [Mrs. Hinton] nor Willie George Hinton, Sr., who died after the filing of this Motion but prior to its hearing, remarried following the entry of the prior divorce judgment.
 

 5. The prior judgment entered on May 12, 2000, obtains an absolute divorce judgment from Willie George Hinton II, a person to whom [Mrs. Hinton] was never married. Accordingly, the prior absolute divorce judgment of this Court is void due to impossibility.
 

 Based on these findings, the trial court granted Mrs. Hinton's motion and set aside the Divorce Judgment.
 

 On 15 June 2015, Movants filed a motion to intervene, a motion to substitute parties or to abate or continue, a motion to alter or amend judgment, and a motion for a new trial. In support of these motions, Movants filed affidavits in which they asserted,
 
 inter alia
 
 , that (1) they had initially learned at their father's wake that Mrs. Hinton was seeking to correct the defendant's name on the Divorce Judgment; (2) they later discovered that Mrs. Hinton was instead trying to set aside the Divorce Judgment; and (3) upon realizing her true intentions, Movants retained counsel to prevent Mrs. Hinton from obtaining this relief.
 

 In their motion to intervene, Movants stated, in pertinent part, as follows:
 

 4. The aforesaid children of Willie G. Hinton have an interest as tenants in common in the real property owned by their father at his death and have a claim as heirs to his assets after the payment of claims of the estate and creditors. Plaintiff's claim would undermine their ownership interests in the event that she had the right to claim a spouse's allowance or an intestate share or qualify as administratrix.
 

 On 28 August 2015, a hearing on Movants' motions was held before Judge Cayton. On 17 November 2015, the court entered an order containing the following findings of fact:
 

 1. The parties and movants had proper notice of this hearing and are properly before this Court.
 

 2. In this action ... [Mrs. Hinton] through her former counsel intended to file an absolute divorce action from her husband, Willie George Hinton, Sr., however a Civil Summons was issued in the name of Defendant Willie George Hinton II and a Complaint for Absolute Divorce was filed
 
 *205
 
 and validly served upon Defendant Willie George Hinton II.
 

 3. The summons and complaint were served upon Defendant Willie George Hinton II, the only defendant in this action. Service of process was accomplished by Sheriff's service by delivering said process to Robert Hinton at 906 Raleigh Street, Elizabeth City, North Carolina. Movants, through their various affidavits, verify that Robert Hinton was over the age of eighteen (18) years at that time, and that he and Willie George Hinton II resided at that address.
 

 4. Defendant Willie George Hinton II was not married to [Mrs. Hinton] but rather is the (now adult) child of [Mrs. Hinton] and Willie George Hinton, Sr., born of the marriage between [Mrs. Hinton] and Willie George Hinton, Sr.
 

 5. [Mrs. Hinton's] lawful husband, Willie George Hinton, Sr., filed an answer in this action, admitting the allegations in [Mrs. Hinton's] complaint, including that [Mrs. Hinton] was married to Willie George Hinton II.
 

 6. This Court entered a divorce judgment based upon one year's separation from Willie George Hinton II May 12, 2000.
 

 7. On May 29, 2015, [Mrs. Hinton] filed an Amended Motion to Set Aside the prior judgment entered on May 12, 2000, following the death of Willie George Hinton, Sr.
 

 8. On June 4, 2015, the Court held a hearing upon [Mrs. Hinton's] motion. The Defendant, Willie George Hinton, II, was properly served and present for said hearing. Finding that an absolute divorce judgment from Willie George Hinton II, a person to whom [Mrs. Hinton] was never married, is void
 
 ab initio
 
 due to impossibility, this Court entered an order on June 9, 2015, setting aside the May 12, 2000 divorce judgment after reviewing the record, considering the arguments of counsel and receiving no objection from the Defendant Willie George Hinton II.
 

 9. No summons or amended summons was issued in the name of Willie George Hinton, Sr. or served upon Willie George Hinton, Sr., extending the Court's jurisdiction over Willie George Hinton, Sr., personally. Nothing in the record establishes any defect in service as to Willie George Hinton, Sr[.]
 

 10. No amendment of [Mrs. Hinton's] complaint, or issue of fact raised in the answer filed by Willie George Hinton, Sr., established that [Mrs. Hinton] was married to Willie George Hinton, Sr., rather than Defendant Willie George Hinton, II. Nothing provided the Court with subject matter jurisdiction over the marriage between [Mrs. Hinton] and Willie George Hinton, Sr.
 

 11. While the names of Willie George Hinton II and Willie George Hinton, Sr., are similar, Defendant Willie George Hinton II and Willie George Hinton, Sr., are distinct and separate individuals. Nothing in the record establishes that the summons or [Mrs. Hinton's] complaint contains a misnomer or misdescription as to the identity of the party intended to be sued.
 

 12. Willie George Hinton, Sr., is not, and has never been, a party to this action entitled to notice and an opportunity to be heard.
 

 13. Amending the identity of the Defendant from the named Defendant Willie George Hinton II to Willie George Hinton, Sr., amounts to an improper substitution or entire change of parties.
 

 14. Movants, who are the heirs of Willie George Hinton, Sr., have no interest in this action as their ancestor, Willie George Hinton, Sr. is not, and has never been, a party to this action.
 

 Based on these findings of fact, the trial court made the following pertinent conclusions of law:
 

 3. Willie George Hinton, Sr., has never been a party to this action.
 

 4. No substitution of a party to represent the interests of Willie George Hinton, Sr., in this action following his death is necessary or proper.
 

 5. No alteration, amendment or modification of the prior order entered on June 9, 2015 to correct the name of the Defendant is necessary or proper.
 

 6. No new trial is necessary or proper in that Willie George Hinton, Sr., nor his
 
 *206
 
 heirs or anyone purporting to represent his interests, are parties entitled to notice and an opportunity to be heard.
 

 7. This Court's prior order, entered on June 9, 2015 upon the Court's own review of the record and consideration of the arguments of counsel, without objection from either the Plaintiff or the Defendant, was properly entered and is affirmed.
 

 Based on these conclusions of law, the trial court ordered the following:
 

 1. The Motion to Intervene, Motion to Alter or Amend Judgment, Motion for New Trial, and Motion to Substitute Parties or to Abate or Continue are denied.
 

 2. The prior order of this Court entered June 9, 2015 is affirmed in that the divorce judgment entered May 12, 2000 is set aside.
 

 On 11 December 2015, Movants filed a written notice of appeal.
 

 Analysis
 

 Movants seek review from this Court over the trial court's 9 June and 17 November 2015 orders in their entirety. However, because Movants are not currently parties to this action, the only issue they are entitled to raise in the present appeal is whether the trial court erred in the portion of its 17 November 2015 order denying their motion to intervene.
 

 Motions to intervene are governed by Rule 24 of the North Carolina Rules of Civil Procedure, which states, in pertinent part, as follows:
 

 (a)
 
 Intervention of right.-
 
 Upon timely application anyone shall be permitted to intervene in an action:
 

 (1) When a statute confers an unconditional right to intervene; or
 

 (2) When the applicant claims an interest relating to the property or transaction which is the subject of the action and he is so situated that the disposition of the action may as a practical matter impair or impede his ability to protect that interest, unless the applicant's interest is adequately represented by existing parties.
 

 (b)
 
 Permissive intervention.-
 
 Upon timely application anyone may be permitted to intervene in an action.
 

 (1) When a statute confers a conditional right to intervene; or
 

 (2) When an applicant's claim or defense and the main action have a question of law or fact in common. ... In exercising its discretion the court shall consider whether the intervention will unduly delay or prejudice the adjudication of the rights of the original parties.
 

 N.C. Gen. Stat. § 1A-1, Rule 24 (2015).
 

 Movants assert that the trial court erred in failing to grant their motion to intervene pursuant to Rule 24(a)(2). "[A] party is entitled to intervene pursuant to N.C. Gen. Stat. § 1A-1, Rule 24(a)(2) in the event that he or she can demonstrate (1) an interest relating to the property or transaction, (2) practical impairment of the protection of that interest, and (3) inadequate representation of the interest by existing parties."
 
 Bailey & Assocs., Inc. v. Wilmington Bd. of Adjust.
 
 ,
 
 202 N.C.App. 177
 
 , 185,
 
 689 S.E.2d 576
 
 , 583 (2010). "This Court reviews a trial court's decision granting or denying a motion to intervene pursuant to N.C. Gen. Stat. § 1A-1, Rule 24(a)(2), on a
 
 de novo
 
 basis."
 

 Id.
 

 The sole finding in the trial court's 17 November 2015 order expressly addressing Movants is finding No. 14, which states: "Movants, who are the heirs of Willie George Hinton, Sr., have no interest in this action as their ancestor, Willie George Hinton, Sr. is not, and has never been, a party to this action." Finding No. 12 reiterates the trial court's conclusion that "Willie George Hinton, Sr., is not, and has never been, a party to this action entitled to notice and an opportunity to be heard."
 

 When a "finding includes a mixed question of fact and law ... [it is] fully reviewable by this Court."
 
 Olivetti Corp. v. Ames Bus. Sys., Inc.
 
 ,
 
 319 N.C. 534
 
 , 548,
 
 356 S.E.2d 578
 
 , 586-87 (1987) (citation omitted). As explained below, we conclude that the above-quoted findings are fatally flawed because they are premised on an erroneous
 
 *207
 
 legal determination regarding Mr. Hinton's status as a party.
 

 While Mrs. Hinton's complaint for divorce incorrectly listed Willie-as opposed to Mr. Hinton-as the defendant, Mr. Hinton filed an answer to the complaint thirteen days after the complaint was filed. His handwritten answer stated as follows:
 

 State of North Carolina File No. 00CVD 177
 

 Martin County
 

 Name of Defendant:
 

 Willie George Hinton, Sr.
 

 Address:
 

 906 Raleigh St.
 

 City State Zip Code
 

 Elizabeth City, N.C. 27909
 

 To Each of The Plaintiff(s) Named Below:
 

 Florence Bailey Hinton
 

 906 Hunter St.
 

 Elizabeth City, N.C. 27909
 

 Defendant answers complaint of Plaintiff says [sic]:
 

 That Defendan[t] admits to all of the complaints from 1 Thru [sic] 5 are true.
 

 Wherefore, the defendant answers the Plaintiff's prayers that the bonds of Matrimony heretofore existing between the parties be dissolved and the defendant be granted an absolute divorce from the Plaintiff.
 

 This the 20th day of April 2000.
 

 Willie George Hinton
 

 Defendant
 

 By filing this answer, Mr. Hinton expressly became a party to the action and submitted himself to the jurisdiction of the court.
 
 See
 
 N.C. Gen. Stat § 1-75.7 (when a party "makes a general appearance in an action[,]" the court has personal jurisdiction over him).
 

 Accordingly, we vacate the portion of the trial court's 17 November 2015 order denying Movants' motion to intervene and remand this matter to the trial court for reconsideration of the motion under Rule 24.
 
 See
 

 Anderson v. Seascape at Holden Plantation, LLC
 
 ,
 
 232 N.C.App. 1
 
 , 10,
 
 753 S.E.2d 691
 
 , 698 (2014) ( "Therefore, we reverse the trial court's order denying the POA's motion to intervene and remand for further proceedings.")
 

 Conclusion
 

 For the reasons stated above, we vacate the portion of the trial court's 17 November 2015 order denying Movants' motion to intervene and remand for further proceedings not inconsistent with this opinion.
 

 VACATED IN PART AND REMANDED.
 

 Judges ELMORE and Judge DIETZ concur.
 

 [1]
 

 While it is not clear from the record why the name "Winton"-rather than "Willie"-appeared on the Divorce Judgment, the listing of the defendant's first name as "Winton" does not form the basis for any of the issues presented in this appeal.