IN THE COURT OF APPEALS OF NORTH CAROLINA

No. COA23-593

Filed 20 February 2024

New Hanover County, No. 19-CVS-1668

CAPE HOMEOWNERS ASSOCIATION, INC., DESMOND P. MCHUGH and wife, GERALDINE MCHUGH, MICHAEL L. BODNAR and wife, PATRICIA L. BODNAR, DONNA J. MARTIN and spouse, PETER MARTIN, Plaintiffs,

v.

SOUTHERN DESTINY, LLC, Defendant.

Appeal by Proposed Intervenor-Defendant from order entered 16 February 2023 by Judge R. Kent Harrell in New Hanover County Superior Court. Heard in the Court of Appeals 10 January 2024.

*Shipman & Wright, LLP, by Gary K. Shipman, for Plaintiffs-Appellees.*

*Adams, Howell, Sizemore & Adams, P.A., by Jeremy Jackson and Ryan J. Adams, for Defendant-Appellee.*

*Brooks, Pierce, McLendon, Humphrey & Leonard, L.L.P., by Lindsey S. Barber, Daniel F. E. Smith, and Walter L. Tippett, Jr., for Proposed Intervenor-Defendant-Appellant.*

COLLINS, Judge.

Proposed Intervenor-Defendant Bill Clark Homes of Wilmington, LLC, ("BC Homes") appeals from the trial court's interlocutory order denying its motion to intervene in the above-captioned pending action. Because BC Homes has failed to demonstrate in its opening brief that the challenged order affects a substantial right,

we dismiss this appeal for lack of appellate jurisdiction.

## I.     Background

The underlying case concerns property rights in the Cape Subdivision, a residential development, and an adjacent property which has been historically used as a golf course ("Subject Property").   Plaintiffs are the Cape Homeowners Association, Inc., and owners of individual lots within the Cape Subdivision. Defendant Southern Destiny, LLC, is the current owner of the Subject Property. Defendant ceased operating a golf course on the Subject Property in 2018 and sought to develop portions of it into residential subdivisions.

Plaintiffs filed suit against Defendant on 6 May 2019.  Plaintiffs sought a declaratory judgment that Defendant had no right to use the private streets and roads of the Cape Subdivision to develop the Subject Property; that the individual plaintiffs "acquired a right to have the [Subject Property] or any portion thereof kept open for their reasonable use"; and that the individual plaintiffs acquired an easement appurtenant over the Subject Property.[1]  Plaintiffs also sought injunctive relief and asserted claims for interference with an easement and nuisance; the Cape Homeowners Association also separately asserted a claim for trespass.  On 18 July 2019, Defendant filed an answer and asserted a counterclaim for a declaratory judgment that it held an express easement, easement implied by prior use,

---

[1] Plaintiffs also sought a declaratory judgment on other property rights, none of which are relevant to this appeal.

prescriptive easement, easement by necessity, or easement by estoppel to use the private streets and roads of the Cape Subdivision to develop the Subject Property. Plaintiffs filed a motion to dismiss and an answer on 22 August 2019. Thereafter, the parties filed cross-motions for judgment on the pleadings; the trial court denied both motions.

On 20 September 2019, Defendant and BC Homes entered into a contract for the purchase of the Subject Property. The contract stated, in part, that "[Defendant] will make all reasonable efforts to resolve [the pending action]" and if Defendant does not prevail, the contract "shall terminate and thereafter . . . shall be null and void[.]"

Plaintiffs and Defendant attended mediation on 19 February 2020; a representative from BC Homes also attended the mediation. Plaintiffs issued a subpoena to BC Homes on 27 February 2020 to obtain all contracts and correspondence between BC Homes and Defendant relating to the Subject Property. BC Homes objected to the subpoena on the grounds that "the information sought is proprietary in nature, is subject to the terms of a Nondisclosure Agreement, and is, upon information and belief, wholly irrelevant to the issues in this litigation."

On 2 April 2020, Plaintiffs filed a motion to join BC Homes as an additional defendant, alleging that, by virtue of the contract between Defendant and BC Homes for the purchase of the Subject Property, BC Homes "is united in interest with the Defendant, and the interest of [BC Homes], who has not consented to be joined as a

party Defendant in this matter, is such that a complete determination of the claims before this Court cannot be made without the presence of [BC Homes]."

Plaintiffs noticed a hearing on their motion to join BC Homes as an additional defendant for 28 July 2020. BC Homes' counsel sent Plaintiffs' counsel a letter on 24 July 2020 stating, "When we talked on Wednesday afternoon, you agreed to withdraw your motion in the above-referenced action if [BC Homes] would agree to be bound by the final judgment in this case as it relates to the use of the subdivision roads and the property now owned by [Defendant]." The letter further stated, "In the event [BC Homes] acquires title to the Property, [BC Homes] agrees that it will be bound by the courts' final determinations . . . . I trust that this letter is sufficient and will enable you to withdraw your motion to add [BC Homes] as a party to this lawsuit." Plaintiffs' motion to add BC Homes as an additional defendant was not heard on 28 July 2020.

Plaintiffs and Defendant filed cross-motions for summary judgment. On 3 December 2020, the trial court entered an order granting Defendant summary judgment based on its conclusions that Defendant had an express easement to use the private streets and roads of the Cape Subdivision, and that Plaintiffs did not have an easement implied by plat requiring Defendant's property be kept open for Plaintiffs' reasonable use. Plaintiffs appealed to this Court.

We affirmed the portion of the trial court's order concluding that Plaintiffs had no easement implied by plat over the Subject Property. *Cape Homeowners Ass'n v. S. Destiny, LLC*, 284 N.C. App. 237, 250, 876 S.E.2d 568, 576 (2022). However, we

reversed the trial court's entry of summary judgment in Defendant's favor based on its conclusion that Defendant had an express easement to use the private streets and roads of the Cape Subdivision. *Id.* at 249, 876 S.E.2d at 576. We remanded the case to the trial court to enter summary judgment in Plaintiff's favor on the express easement claim and to address Defendant's alternative claims for an easement implied by prior use, prescriptive easement, easement by necessity, and easement by estoppel in the private streets and roads of the Cape Subdivision. *Id.* at 249-50, 876 S.E.2d at 576.

In the fall of 2022, Defendant's ownership changed. Disputes have now arisen between BC Homes and Defendant's new owner. BC Homes filed a breach of contract action against Defendant in New Hanover County Superior Court on 23 November 2022 and filed a motion to intervene in this matter on 7 December 2022. In its motion to intervene, BC Homes alleged that it had entered into a contract with Defendant to purchase the Subject Property, and that Defendant had failed to make reasonable efforts to obtain an easement to use the private streets and roads of the Cape Subdivision to develop the Subject Property. After a hearing on 31 January 2023, the trial court entered an order on 16 February 2023 denying BC Homes' motion to intervene. The trial court made the following relevant findings of fact and conclusions of law in its order:

> 18. All discovery has been completed, mediation has been completed, and all material which the [c]ourt needs to consider on the motion for summary judgment for the

existence of implied easements is before this [c]ourt.

19. [BC Homes] contractually obligated itself to the very condition that it now complains of; namely that Defendant would be responsible for pursuing all litigation in this matter. The Defendant's obligations are set out in the contract signed by the parties and for Defendant's alleged failure to comply with its obligations under the contract, [BC Homes] has a remedy, namely damages in the breach of contract action presently pending in New Hanover County.

20. The interest of [BC Homes] is a contingent interest, not a direct or immediate interest in the property that is the subject of this action.

. . . .

23. [BC Homes] is not entitled to Intervention as of Right pursuant to Rule 24(a) of the North Carolina Rules of Civil Procedure.

24. Intervention would delay these proceedings which, at this point, are in a position to be resolved on Defendant's claims for easement by implication.

25. [BC Homes] is not entitled to permissive joinder pursuant to Rule 24(b) of the North Carolina Rules of Civil Procedure.

BC Homes appealed to this Court.

## II. Discussion

### A. Appellate Jurisdiction

As a threshold issue, we must determine whether we have jurisdiction to hear this appeal.

"An interlocutory order is one made during the pendency of an action, which does not dispose of the case, but leaves it for further action by the trial court in order to settle and determine the entire controversy." *Hanesbrands Inc. v. Fowler*, 369 N.C.

216, 218, 794 S.E.2d 497, 499 (2016) (quotation marks and citations omitted). An order denying a motion to intervene is interlocutory in nature. *See Stockton v. Estate of Thompson*, 165 N.C. App. 899, 900, 600 S.E.2d 13, 15 (2004). "As a general rule, there is no right of appeal from an interlocutory order." *Larsen v. Black Diamond French Truffles, Inc.*, 241 N.C. App. 74, 76, 772 S.E.2d 93, 95 (2015) (citation omitted). "The reason for this rule is to prevent fragmentary, premature[,] and unnecessary appeals by permitting the trial court to bring the case to final judgment before it is presented to the appellate courts." *Id.* (quotation marks and citation omitted).

"There is a statutory exception to this general rule when the challenged order affects a substantial right." *Denney v. Wardson Constr., LLC*, 264 N.C. App. 15, 17, 824 S.E.2d 436, 438 (2019) (citing N.C. Gen. Stat. § 7A-27(b)(3)(a)). "An interlocutory order affects a substantial right if the order deprives the appealing party of a substantial right which will be lost if the order is not reviewed before a final judgment is entered." *Suarez v. Am. Ramp Co.*, 266 N.C. App. 604, 608, 831 S.E.2d 885, 889 (2019) (quotation marks, brackets, and citations omitted). A substantial right is "a legal right affecting or involving a matter of substance as distinguished from matters of form: a right materially affecting those interests which one is entitled to have preserved and protected by law: a material right." *Hanesbrands,* 369 N.C at 219, 794 S.E.2d at 499-500 (quotation marks, brackets, and citations omitted).

"To confer appellate jurisdiction based on a substantial right, the appellant must include in its opening brief, in the statement of the grounds for appellate review,

sufficient facts and argument to support appellate review on the ground that the challenged order affects a substantial right." *Doe v. City of Charlotte*, 273 N.C. App. 10, 21, 848 S.E.2d 1, 9 (2020) (quotation marks and citation omitted); *see also* N.C. R. App. P. 28(b)(4). "The appellant[] must present more than a bare assertion that the order affects a substantial right; they must demonstrate *why* the order affects a substantial right." *Hanesbrands*, 369 N.C. at 219, 794 S.E.2d at 499 (quotation marks and citations omitted).

"Importantly, this Court will not construct arguments for or find support for appellant's right to appeal from an interlocutory order on our own initiative." *Denney*, 264 N.C. App. at 17, 824 S.E.2d at 438 (quotation marks and citation omitted). "That burden falls solely on the appellant." *Id.* (citation omitted). Accordingly, "if the appellant's opening brief fails to explain why the challenged order affects a substantial right, we must dismiss the appeal for lack of appellate jurisdiction." *Id.* (citation omitted).

> Although this rule seems straightforward in the abstract, it is complicated by different rules concerning *how* a litigant must show that a substantial right is affected. Some rulings by the trial court affect a substantial right essentially as a matter of law. Sovereign immunity is an example. A litigant appealing the denial of a sovereign immunity defense need only show that they raised the issue below and the trial court rejected it—there is no need to explain why, on the facts of that particular case, the ruling affects a substantial right.
>
> By contrast, most interlocutory issues require more than a categorical assertion that the issue is immediately

appealable. In these (more common) situations, the appellant must explain, in the statement of the grounds for appellate review, why the facts of that particular case demonstrate that the challenged order affects a substantial right.

*Id.* at 17-18, 824 S.E.2d at 438 (citation omitted).

Here, in the statement of the grounds for appellate review in its opening brief, BC Homes asserts, essentially as a matter of law, that the

[d]enial of a motion to intervene is an interlocutory order that "affects a substantial right and is therefore immediately appealable." *Anderson v. Seascape at Holden Plantation, LLC*, 232 N.C. App. 1, 6—7, 753 S.E.2d 691, 696 (2014); *see also Alford* [*v. Davis*, 131 N.C. App. 214, 216, 505 S.E.2d 917, 919 (1998)] (providing that denial of a motion to intervene affects "substantial rights which might be lost if the order is not reviewed prior to final judgment"). Accordingly, the Court has jurisdiction to hear this appeal pursuant to N.C.G.S. §§ 7A-27(b)(3)(a), 1-277(a), as denial of BC Homes's Motion to Intervene affects a substantial right.

However, unlike a trial court's ruling on sovereign immunity, the denial of a motion to intervene does not affect a substantial right essentially as a matter of law. *See, e.g., Nicholson v. F. Hoffmann-Laroche, Ltd.*, 156 N.C. App. 206, 208-09, 576 S.E.2d 363, 365 (2003) (holding that the denial of a motion to intervene in a class action did not affect a substantial right); *Howell v. Howell*, 89 N.C. App. 115, 117-18, 365 S.E.2d 181, 182-83 (1988) (holding that the denial of a motion to intervene in a divorce action did not affect a substantial right). Accordingly, BC Homes was required to explain, in the statement of the grounds for appellate review in its opening brief, why the facts

of this particular case demonstrated that the order denying its motion to intervene affects a substantial right. BC Homes failed to do so.

Plaintiffs argue in their brief that BC Homes' appeal should be dismissed because it failed to show that the challenged order affects a substantial right that will be lost if the order is not immediately appealable. In response, BC Homes significantly augments its analysis in its reply brief as to why the trial court's order denying its motion to intervene affects a substantial right in this particular case. However, BC Homes may "not . . . use their reply brief to independently establish grounds for appellate review" as "a reply brief does not serve as a way to correct deficiencies in the principal brief." *Larsen*, 241 N.C. App. at 78, 772 S.E.2d at 96 (quotation marks, brackets, and citations omitted).

In its reply brief, BC Homes additionally cites cases from this Court that, in its view, support the proposition that an order denying a motion to intervene is immediately appealable "even without stating reasoning or an analysis of the facts to reach such a conclusion." Although the Court in those cases permitted an immediate appeal from an order denying a motion to intervene, none of those cases established a bright-line rule that an order denying a motion to intervene is immediately appealable. Instead, the Court simply held that, based on the facts of each particular case, the appeal was permissible. *See Alford v. Davis*, 131 N.C. App. 214, 216, 505 S.E.2d 917, 919 (1998) ("We believe appellants' motion to intervene claims substantial rights which might be lost if the order is not reviewed prior to final

judgment; therefore we consider their appeal." (citation omitted)); *United Servs. Auto. Ass'n v. Simpson*, 126 N.C. App. 393, 395, 485 S.E.2d 337, 339 (1997) ("Applying this test to the present case, we conclude that the order affects the [appellants'] substantial rights and, consequently, the appeal is properly before us."); *Anderson v. Seascape at Holden Plantation, LLC*, 232 N.C. App. 1, 7, 753 S.E.2d 691, 696 (2014) ("Under the facts presented here, we conclude that the trial court's order affects a substantial right of the [appellant].")

Because BC Homes has not presented "sufficient facts and argument to support appellate review on the ground that the challenged order affects a substantial right[,]" we dismiss this appeal for lack of appellate jurisdiction. *Doe*, 273 N.C. App. at 21, 848 S.E.2d at 9.

## III.   Conclusion

For the foregoing reasons, we dismiss this interlocutory appeal for lack of appellate jurisdiction.

DISMISSED.

Judges HAMPSON and THOMPSON concur.